WALTER J. WALSH, ADMINISTRATOR, *vs.* MARY A. FEUSTEL.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and CURTIS, Js.

A deed ·which lacks the assent of the grantor, either because of his insanity or because of undue influence exerted over him by the grantee, is not one which in reality conveys the legal title, though it appears to do so. As between the parties the instrument is voidable at the election of the grantor or of his legal representative, without the necessity of resorting to a court of equity to compel a cancellation or a reconveyance. Accordingly, an action of ejectment, which in this State is more comprehensive than the common-law action, may be brought by an administrator against one who is in possession under a deed from an insane intestate or under one which was procured from him by the undue influence of the defendant.

In the present case the first count followed the form commonly used

Walsh *v.* Feustel.

in an action of ejectment, while the second count alleged that the defendants had wrongfully entered on the premises under a false and unjust claim of title based solely on a deed executed by the plaintiff's intestate while she was mentally incapable of comprehending the nature of her act and while she was under the domination and undue influence of the defendants; and upon issue joined to the jury upon both counts the plaintiff had a verdict. *Held* that the verdict on the second count was good, as the allegations of that count were sufficient to support a prayer for a decree setting aside the deed; and that the defendants, by voluntarily going to trial upon the merits and without moving to set aside the verdict or to arrest the judgment, had waived the omission of such a prayer in the complaint.

An appellant is not entitled to raise in this court a question which was not distinctly raised and determined adversely to him in the court below.

Argued January 24th—decided March 4th, 1919.

ACTION in the nature of ejectment, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $28 damages and the possession of the real estate in question, and appeal by the defendant. *No error.*

This action is brought by the administrator of Margaret B. Heaney to recover possession of real estate and for damages. The complaint is in two counts, a third having been withdrawn without prejudice. The first count is in the usual form of an action of ejectment, and the second count alleges that the defendant has wrongfully entered on the premises under a false and unjust claim of title based solely on a deed executed by Margaret B. Heaney while she was mentally incapable of comprehending the nature of her act and while she was under the domination and undue influence of the defendants. The defendants joined issue on both counts, and the case was tried upon both counts to the jury who found the issues for the plaintiff.

*Sidney C. Rosenberg,* for the appellant (defendant).

*Walter J. Walsh,* for the appellee (plaintiff).

BEACH, J. The assignments of error relate to the refusal of the court to charge that the administrator could not recover unless his decedent had both title and possession at the time of the alleged wrongful entry, nor unless she had title down to the day of her death; and to that part of the charge which in effect instructed the jury that if the deed was executed while Margaret B. Heaney was incapable or was under the undue influence of one or both of the defendants, it was void and gave the defendants no title or right of possession as against the grantor or her administrator. All these assignments of errors are now made to rest on the proposition of law that, although the deed was executed while the grantor was insane or was under duress or undue influence, yet the deed was not void but voidable, and therefore ejectment will not lie against defendants who are in possession under such a deed. In other words, the claim is that the administrator is not entitled to a judgment for damages and possession in this action, because he had not secured a preliminary decree setting aside the defendants' deed on the ground of incapacity and undue influence.

This is not on its face a simple action of ejectment. The allegations of the second count are sufficient to support a prayer for a decree setting aside the deed; the plaintiff might have demanded both equitable and legal relief under this complaint, and the court, as a court of equity, might have submitted the issues of incapacity and undue influence to the jury, for an advisory verdict, even if the parties had not consented to do so. If this course had been taken and the verdict of the jury had been for the plaintiff both upon

the equitable and legal issues, as this verdict evidently was, a judgment for damages and possession would have followed as a matter of course. From this point of view it is apparent that all the assignments of error might have been obviated by the addition to the complaint of a prayer for equitable relief as a stepping-stone to the legal relief demanded.

The question then arises whether the defendants have not waived this omission and consented that the plaintiff might attempt to take a short cut to his legal relief. No objection was taken to the inclusion of the second count in a complaint which demanded legal relief only. No objection was made to the trial of the issues of incapacity and undue influence to the jury. No objection was made to the admission of evidence on those issues, and they were litigated and submitted, without objection, to the jury for its determination. In fact, the precise point that a verdict for the plaintiff would not entitle the plaintiff to a judgment, was not called to the attention of the trial court. It is said that the requests to charge, already referred to, raise this point. If so, they raise it in a very inadequate and ambiguous way, for they are the customary requests to charge which are appropriate to every ejectment case brought by an administrator, and they convey no intimation of any claim that a plaintiff's verdict would not support a judgment for the plaintiff. Moreover, no motion was made to set aside the verdict on that ground, and no motion in arrest of judgment. It is plain that the point now relied on was not distinctly raised in the court below, and that it cannot now be made the basis of any claim of error based upon a supposed adverse ruling made in the course of the trial.

But since the error, if any, is apparent on the face of the record, and the point is of general interest, we proceed to examine the question whether in this State

Walsh *v.* Feustel.

ejectment may be brought against a defendant in possession under a deed of an insane person or under a deed procured by undue influence. The action of ejectment in this State is more comprehensive than the common-law action. Swift, after describing the English forms of real actions, says: "In Connecticut, we have introduced one action which comprehends and answers the purpose of the whole. This is indiscriminately called an action of ejectment, or an action of disseisin. Like the writ of right, it definitely settles title, and is a bar to another action. Damages may be recovered, as in the writ of ejectment. Like the writs of entry and assize, it will lie for possessory rights." 1 Swift's Digest, p. 507. In *Crandall* v. *Gallup*, 12 Conn. 365, 371, a plea of estoppel was allowed in an action of ejectment, and WILLIAMS, CHIEF JUSTICE, said: "And if, as is said in *Wood* v. *Jackson*, 8 Wend. [N. Y.] 1, 35, 40, the law of the action does not allow a special plea, it does not follow that the rule applies to our action of ejectment, or rather our action of disseisin. This is not that fictitious remedy, which exists in England and in New York; but it is the only real action known to our law, and comprehends, says JUDGE SWIFT, all the actions in England by writ of right, writ of entry and ejectment, with all the multifarious divisions into which they are branched."

It may be conceded that our action of ejectment is not appropriate for the assertion of a mere equitable right, although nowadays equitable relief, such as a prayer for the reformation or cancellation of a deed, may be joined with a demand for damages and for the possession of real estate. It may also be conceded that "the contracts and conveyances of persons *non compos mentis*, when not under guardianship, are voidable and not void." *Coburn* v. *Raymond*, 76 Conn. 484, 488, 57 Atl. 116. But the term "voidable" in-

cludes all that class of contracts which one party has a right to repudiate at his option on the ground that they were never binding on him. Thus executed transfers of personal property procured by fraud, may be revoked by the defrauded party on tender of the consideration, if any, and demand for the restoration of the *status quo*. In all such cases the defrauded party is entitled to take a short cut to his legal relief, without resorting to equity for a cancellation of the contract. Bigelow, in his work on Fraud, says, in cases of transfers of real estate procured by fraud, such a revocation *in pais* is not sufficient to put an end to a voidable transfer, because "the title to real estate can be conveyed only by deed, and it follows that it can be divested only by deed." Vol. I, p. 76. The question still remains whether the assent of the grantor to the contract is not just as essential to a conveyance of real estate as it is to a transfer of personalty. If so, there can be no deed, in the sense of a conveyance of title, unless the grantor has assented to the conveyance; and in cases where that assent is lacking, there seems to be no good reason why the defrauded grantor or his legal representative may not repudiate the pretended conveyance as in the case of transfers of personal property, and recover possession in an action at law. Cullen, Chief Justice, reached this conclusion in an accurately reasoned opinion in which he distinguishes between fraud in the consideration and fraud in the execution of a deed, saying: "There are two kinds of fraud which differ essentially in their character; in the one the grantor is induced to convey his property by fraudulent representations as to the value, nature or character of the consideration he receives for the conveyance. This is sometimes called fraud in the consideration. In the other case the grantor is deceived into the execution of an instrument of the contents of

which he is ignorant. This is sometimes called fraud
in the execution of the deed. The distinction between
the two cases lies just here. It is elementary law that
the assent of the parties is necessary to constitute a
binding contract. In the first case the assent of the
party though obtained by fraud is, nevertheless, ob-
tained not only to the execution of the instrument, but
to the contract which it evidences. In the second case
there is procured only the signature to and the execu-
tion of the written instrument, but not assent to the
contract therein stated. In cases of this latter class
the deed can be avoided at law. . . . It seems to me
that a deed by an incompetent person falls within the
second class. . . . By infirmity of intellect he is in-
capable of giving assent." *Smith* v. *Ryan*, 191 N. Y.
452, 457, 84 N. E. 402. Story says: "Although fraud,
accident, and trust are proper objects of courts of equity,
it is by no means true that they are exclusively cogniz-
able therein. On the contrary, fraud is in many cases
cognizable in a court of law. Thus, for example, read-
ing a deed falsely to an illiterate person, whether it be
so read by the grantee or by a stranger, avoids it, as
to the other party, at law." 1 Story on Equity Juris.
(14th Ed.) § 60, citing *Thoroughgood's Case*, 2 Coke 9a;
*Shulter's Case*, 12 Coke 90. This rule has been followed
in *Wilcox* v. *American Tel. & Tel. Co.*, 176 N. Y. 115,
68 N. E. 153, and in *Eaton* v. *Eaton*, 37 N. J. L. 108,
both of which were actions of ejectment. The latter
case also holds that an ancestor's deed may be at-
tacked by a plaintiff in ejectment on account of the
ancestor's incapacity or insanity; and the following
cases are also authority for the precise point that when,
in an action of ejectment, the defendant relies on a
deed, the plaintiff can make proof that it was executed
while the grantor was insane. *Dougherty* v. *Powe*, 127
Ala. 577, 30 So. 524; *Farley* v. *Parker*, 6 Or. 105. The

same ruling was made in *Brown* v. *Freed*, 43 Ind. 253, which was a statutory action at law in the nature of ejectment; and in *Hovey* v. *Hobson*, 53 Me. 451, and *Valpey* v. *Rea*, 130 Mass. 384, which were writs of entry. In *Galloway* v. *Henden*, 131 Ala. 280, 31 So. 603, and *Bassett* v. *Brown*, 100 Mass. 355, bills in equity for relief against deeds procured by fraud were successfully demurred to on the ground that the plaintiff had a plain and adequate remedy at law.    In *Crawford* v. *Scovell*, 94 Pa. St. 48, a plaintiff in ejectment, having recovered his reason, was allowed to prove his own insanity to avoid his own deed.

These cases, with others not so exactly in point, collected in a note to *Smith* v. *Ryan*, 19 L. R. A. (N. S.) 461 (191 N. Y. 452), establish a respectable basis of authority for the eminently reasonable proposition that a conveyance of real estate which has not received the assent of the grantor may be avoided by him, or by his legal representative, in an action at law.    We put our conclusion, not on the ground that the contracts and conveyances of insane persons are void, but on the ground that an instrument which lacks the assent of the grantor to the conveyance therein described is not a deed which conveys the legal title.    It simply appears to do so, and as between the parties it is voidable at the election of the grantor, or the legal representative, without the necessity of going to a court of equity to compel a cancellation or a reconveyance.

There is no error.

In this opinion the other judges concurred.