MICHAEL A. CONNOR
vs.
THOMAS J. SPELLACY, ET AL.

Superior Court      Hartford County      File #53420

Present: Hon. JOHN RUFUS BOOTH, Judge.

Hunt, Averill & Johnson,      Attorneys for the Plaintiff.

Barclay Robinson,      Attorney for the Defendants.

MEMORANDUM FILED MAY 28, 1936.

BOOTH (JOHN RUFUS), J.   The complaint sets forth in substance that on November 7th, 1933, the legal voters of the consolidated town and city of Hartford at a meeting duly called and held, voted to consolidate the then existing school districts within said town and city into a consolidated school district; that the vote and consolidation became effec- tive on July 1st, 1934, and continuously thereafter the con- solidated town and city of Hartford has operated its school affairs as a consolidated school district in accordance with the General Statutes of the State of Connecticut; that on Febru- ary 21st, 1936, the plaintiff and nineteen other legal voters and taxpayers of the consolidated town and city of Hartford presented to the Mayor thereof a duly signed petition request- ing the calling of a meeting of the legal voters of the city for the purpose of voting upon the re-establishment of the school districts in Hartford; that on March 4th, 1936, the said Mayor notified the aforesaid petitioners that because special counsel for the city of Hartford to whom he had submitted the subject had advised him that a vote upon the question of re-establishing school districts in Hartford would not be legal at this time, and because as said counsel had advised him that if such a vote were taken it would be of no legal effect, he, the said Mayor, would deny the aforesaid petition but that if such a vote were legal at this time he would call the meeting as requested; that the plaintiff and those he represents claim to have the right to an opportunity to vote upon the question of the re-establishment of the aforesaid school districts which right is claimed will be lost because of the Mayor's claimed legal inability to call said meeting for the purposes specified and there exists uncer- tainty as to their rights and jural relations in the premises, therefore the plaintiff claims to be entitled to a declaratory

judgment to the effect:

"1. That the legal voters of the consolidated city and town of Hartford have the legal right to vote upon the question of re-establishing the school districts within its limits, as they existed prior to July 1st, 1924.

2. An affirmative vote upon said question will be legally effective to re-establish said districts."

To this complaint the defendants have filed a demurrer, which reads as follows:

"The defendants demur to the complaint because the same is insufficient in law and as reasons for said demurrer assign the following:

1. Because the defendant Thomas J. Spellacy as mayor of the defendant city of Hartford and said defendant city of Hartford have no powers other than those conferred upon them by general or special law and there is no general or special law authorizing a vote in said town and city of Hartford on the question of restablishing school districts.

2. Because the defendant Thomas J. Spellacy as mayor of the defendant city of Hartford and said defendant city of Hartford have no powers other than those conferred upon them by general or special law and there is no general or special law authorizing re-establishment of school districts in said town and city of Hartford.

3. Because the State Legislature in 1931 passed a law, namely **section 106 of Chapter 249 of the Public Acts of 1931,** expressly repealing the statute which formerly authorized a vote on the question of re-establishing school districts, namely **section 958 of the General Statutes, Revision of 1930.**

4. Because the General Statutes expressly prohibit re-establishment of school districts in the state by providing in **Section 303c in the Cumulative Supplement to the General Statutes** that no new school districts shall be formed.

5. Because the intent of the Special Acts which provided for the consolidation of school districts in Hartford, namely **Special Act No. 277 of the Special Laws of 1929,** and under which said districts were consolidated was that said districts should not be re-established.

6. Because no vote on the question of re-establishing school districts in Hartford can be had until a special or general act authorizing such a vote is passed by the State Legislature.

7. Because school districts cannot be re-established in Hartford until a special or general act authorizing such re-establishment is passed by the State Legislature.

8. Because a vote on re-establishment of school districts in Hartford is not authorized by law and the mayor of the city of Hartford cannot be compelled to call a meeting of the voters of said city to vote on said question because he cannot be compelled to do that which is not authorized by law."

The complaint as framed is based upon a claim that an affirmative vote by the voters of the consolidated town and city of Hartford will re-establish the school districts within the limits of said consolidated town and city as they existed prior to July 1st 1934, and that said voters have the legal right to vote upon said question of re-establishment. The demurrer as filed challenges both the right to and the effect of such vote.

It is conceded that the aforesaid right is dependent upon legislative authority. The plaintiff claims that such authority exists while the defendant claims that it does not. An examination of the statutes discloses as follows: by virtue of **Sec. 978 of the General Statutes, Revision of 1930,** each town in the state was granted the power, unless otherwise provided, to:

"Form, unite, alter and dissolve school districts and parts of school districts within its limits."

In 1933, however, the power provided for in **Section 978** was limited by a statute now known as **Section 303c of the Cumulative Supplement,** which reads as follows:

"No new school district shall be formed. Any provision of **Sections 978, 980 and 981** inconsistent with the provisions of this section is repealed".

Thus in 1933 while towns by virtue of **Section 978** had the power unless otherwise provided to unite, alter and dissolve school districts within their limits, they were by virtue of **303c of the Cumulative Supplement** deprived of the power to form any new school districts. Even before the passage of this last mentioned Act, however, it is apparent that the Legislature did not intend by **Section 978** to constitute authority

in towns to re-establish within their limits school districts which had already been consolidated, as it specifically provided for such re-establishment in another Act which in various forms has been in the statutes since 1867. This Act in the 1930 Revision of the Statutes is known as **Section 958**, and contains among other things the following:

> "A vote to consolidate the school districts of any town into one district shall take effect on the first Monday in July next succeeding such vote, **and any town assuming control of its public schools, as provided in this Chapter,** may, at any annual meeting, not previous to the fifth annual meeting thereafter, **vote to abandon such control and re-establish the several districts as they were before such action.**"

The authority to re-establish school districts is thus found in the above **Section 958.** In 1931, however, this section was specifically repealed and **Section 286c of the Cumulative Supplement** was substituted therefor. Notation of the repeal of **Section 958 of the General Statutes** does not appear in **Section 286c of the Cumulative Supplement** as printed in bound copies of the Supplement but does appear in **Section 106 of Chapter 249 of the Public Acts of 1931** as passed by Legislature, a photostatic copy of which, duly certified by the Secretary of State, was supplied the Court by counsel in connection with the briefs in this case. That **Section 286c** was intended as a substitute for **Section 958** there can be no question for the titles of each are identical, and aside from the subject of re-establishment the substance of each deals with the same matters. Indeed as the Court understands the brief of the plaintiff, it is conceded that if any legislative authority exists for the re-establishment of school districts such authority is contained in **Section 286c of the Cumulative Supplement** and in **Section 968 of the General Statutes.** Section 286c is as follows:

### "Vote Upon Consolidation or Re-establishment.

Whenever a vote shall be taken in any town in reference to abolishing school districts and assuming control of the public schools therein, or to re-establish said districts, when voting machines are used in any town, such voting machines may be used to take such vote at an annual town meeting or at a special town meeting called for that purpose upon notice thereof given in the warning. When

voting machines are not used, the vote upon consolidating school districts shall be taken according to the provisions of **Chapter 38** except so far as the Special Acts or Charters governing the towns and districts enumerated in **Section 300c** may be inconsistent with said chapter. A vote to consolidate the school districts in any town into one district shall take effect on the first Monday of July next succeeding such vote, unless otherwise directed by the Town".

**Section 968** is as follows:

"**Towns to Be Reimbursed for Improvements.**
When any town shall have voted to re-establish its school districts as provided in **Section 958**, each of the districts shall pay the town for all improvements which the town has made on the school house, its furniture and appurtenances within the district. The amounts to be thus paid shall be determined by the Selectmen and the town school committee. When such payments have been made, the town shall restore or make good to each of the districts the school property and local funds formerly belonging to the district. If any district shall fail to make the payment required by this section until the expiration of six months after the passage of the vote of the town to re-establish the districts, the selectmen may cause a tax sufficient to make such payment including the cost of laying and collecting such tax to be laid on the district in the manner provided by law for school district taxes, except that the selectmen shall perform the duties required of district committees therein, and to be collected and paid to the town. A vote to re-establish the school districts shall not take effect further then to authorize the district to hold meetings, lay and collect taxes and appoint officers for these purposes, until all such settlements and payments shall have been made; and, unless such payments and settlements are made within one year after the passage of such vote such vote shall be null and void."

It is not, nor could it be properly, claimed that either of these last mentioned statutes contains any specific authority to re-establish school districts, but it is claimed that references therein to the subject of re-establishment indicate an intention on the part of the legislature to preserve to the towns

the right to re-establish such school districts as had been consolidated.

The answer to this latter claim is apparent when it is recalled that the only specific authority to thus re-establish was contained in **Section 958 of the General Statutes, Revision of 1930;** that this section was repealed in 1931, as before stated, and that **Section 286C of the Cumulative Supplement** which was obviously substituted for **Section 958** is completely barren of any provision relating to the **right** of towns to **re-establish school districts.**

It must be remembered that when **Section 968** was enacted **Section 958** was also a part of the same chapter.

It is probable that at the time **Section 958** was repealed, in 1931, some of the towns had already exercised their previously existing right of re-establishing their school districts and had not been reimbursed for improvements on school houses made by the towns during the period of consolidation.

If such were the facts a very cogent reason exists for the non-repeal of **Section 968** at the same time **Section 958** was repealed, which reason is, that if both sections had been repealed, towns which had voted to consolidate their school districts but had not been reimbursed for improvements on school houses made by them during the period of consolidation, would have been without legislative authority to enforce their claims therefor, against the former school districts.

The reason the words "or re-establish" in the title and the words "or to re-establish said districts" in the body of **Section 286c,** were allowed to remain is perhaps not as obvious as that concerning the retention of **Section 968.**

It may be that the purpose was to render available the machinery provided for in the section if any town should later be authorized to and should vote to re-establish school districts or it may be that the words were inadvertently inserted.

In any event neither **Section 968** nor **286c** either expressly or by implication authorize a vote on the question of re-establishment.

The plaintiffs strenuously urge that notwithstanding the condition to the aforesaid statutory provisions the intention of the legislature to permit re-establishment may be gathered

from the House and Senate Journals, of 1929, and 1931, extracts of which are attached to their brief, and from a certain committee report and House bill handed the court at the hearing on demurrer. While interesting, these in no way change the meaning of **Section 286c** and at most but indicate that the subject of re-establishment of school districts was duly considered by the Legislature before **Section 286c** was finally adopted.

On the other hand, a careful consideration of the policy of the Legislature in relation to the subject of re-establishment of school districts as expressed in the public and private acts adopted at various times since 1909, indicates, at least to this Court, that when the Legislature repealed **Section 958,** and substituted **286c** therefor, its intention was to revoke the former authority granted to towns to re-establish school districts which had been consolidated.

Such being the situation the conclusion is that at the present time there is no statute which grants to towns the right to re-establish school districts, nor is there any special law which grants to the town of Hartford such right.

It follows, therefore, that an affirmative vote upon the question of re-establishment would not be legally effective to re-establish school districts in Hartford.

Under the circumstances, then, the cause of action set forth in the complaint of the plaintiffs is legally defective for the reasons pointed out in the defendant's demurrer.

For the foregoing reasons the demurrer as filed is hereby sustained.