H. O. CANFIELD COMPANY *v.* UNITED CONSTRUCTION WORKERS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided February 17, 1948

*J. Kenneth Bradley,* with whom was *Dwight F. Fanton,* for the appellee (plaintiff).

*Daniel E. Brennan,* with whom was *Norman Zolot,* for the appellants (defendants).

MALTBIE, C. J. In this action the plaintiff sought an injunction restraining the defendants, unions and the officers and agents of unions, from certain conduct in connection with a strike of the plaintiff's employees then in progress. A temporary injunction was issued. Upon the trial of the action on its merits, judgment was rendered for the defendants, and the temporary injunction was dissolved. There-

after, the plaintiff filed a motion in which it recited that it intended to take an appeal from the judgment and prayed a continuance of the temporary injunction until the final disposition of the appeal. The trial court granted the motion and made an order continuing the injunction. The plaintiff thereafter filed an appeal from the judgment rendered at the trial on the merits and the defendants filed an appeal from the order continuing the temporary injunction. The matter comes before us on the plaintiff's motion to erase the latter appeal.

Ordinarily, an order of a court continuing or dissolving a temporary injunction is not a final judgment from which an appeal can be taken; *Olcott* v. *Pendleton,* 128 Conn. 292, 294, 22 A. 2d 633; and the order is in the nature of an interlocutory ruling which can be presented only on an appeal from a final judgment in the case. *State* v. *Kemp,* 124 Conn. 639, 643, 1 A. 2d 761. The defendants claim, however, that they are given a right of appeal from the order continuing the injunction by § 1426e, General Statutes, Cum. Sup. 1939, which provides: "When any court or a judge thereof shall issue or deny a temporary injunction in a case involving or growing out of a labor dispute and either party shall be aggrieved by the decision of the court or judge upon any question of law arising therein, he may appeal from the final judgment of the court or of such judge to the supreme court of errors at its session next to be held after the filing of the appeal." This section is a part of an act adopted by the General Assembly in 1939, now constituting chapter 309a of the General Statutes. It is common knowledge that this act, which concerns the issuance of injunctions in labor disputes, was based on a statute enacted by the Congress known as the Norris-LaGuar-

dia Act. 47 Stat. 70, 29 U. S. C. §§ 101–115 (1940). Section 110 of that statute provides: "Whenever any court of the United States shall issue or deny any temporary injunction in a case involving or growing out of a labor dispute, the court shall, upon the request of any party to the proceedings and on his filing the usual bond for costs, forthwith certify as in ordinary cases the record of the case to the circuit court of appeals for its review. Upon the filing of such record in the circuit court of appeals, the appeal shall be heard and the temporary injunctive order affirmed, modified, or set aside with the greatest possible expedition, giving the proceedings precedence over all other matters except older matters of the same character."

If, in § 1426e, the words "final judgment" are given the significance they ordinarily have under our appellate procedure, the defendants would have no right of appeal until such a judgment was rendered; the provision would in no way change the rights they would have under our general law; and the section would serve no purpose. "We cannot assume that a legislative enactment is devoid of purpose, and we must seek the object to be accomplished and the purpose to be subserved." *Savings Bank of Rockville* v. *Wilcox,* 117 Conn. 188, 193, 167 A. 709; *Kelly* v. *Dewey,* 111 Conn. 281, 291, 149 A. 840. The purpose of both the provisions of the act of the Congress and that of our General Assembly, particularly apparent from the terms of the former, was obviously to prevent the long continuance of temporary injunctions or of a course of conduct claimed by the plaintiff to be harmful to it through the necessity of waiting until judgments should be rendered in a trial of the action on its merits and an appeal taken from that judgment and decided.

362

We cannot give to the words "final judgment" the meaning ordinarily attached to them in our appellate practice. Indeed, the section itself indicates that this was not the intent of the General Assembly, for it permits an appeal from the decision of a judge, and in such a case as this a judge could not render a final decision upon the merits of the action. The term "final judgment" as used in the section can only mean a decision which definitely determines a motion for the issuance of a temporary injunction either in favor of or against the party seeking it.

The plaintiff contends that § 1426e does not apply to the order continuing the temporary injunction. The original temporary injunction was issued August 6, 1947; the judgment was rendered January 9, 1948; the motion to continue the injunction was filed the same day; and the order granting it was made on January 14, 1948. The order was apparently made under the provisions of § 5903 of the General Statutes. That statute provides: "When a temporary injunction shall have been granted and upon final hearing judgment shall have been rendered adverse to its continuance, either party may apply to the court rendering such judgment, representing that he is desirous of taking the case to the supreme court of errors, and praying that such temporary injunction may be continued until the final decision therein; and, unless such court shall be of opinion that great and irreparable injury will be done by the further continuance of such injunction, or that such application was made only for delay and not in good faith, the court shall continue such injunction until a final decision be rendered in the supreme court of errors." Under this statute an application to continue a temporary injunction does not need to be made instantly upon the rendition of

the judgment, but certainly if it is made within the time during which execution upon the judgment is automatically stayed under § 366 of the Practice Book an order of the court would be a continuance of the injunction, not the issuance of a new one. But, if we assume for our present purposes that § 5903 applies to an injunction issued in a labor dispute within the purview of chapter 309a of the General Statutes, that would not prevent an appeal from the order continuing the injunction. The original temporary injunction was dissolved by the judgment upon the merits and the order gives renewed force to a prohibition made defunct by that judgment. In practical effect, it amounts to the grant of a new temporary injunction. To hold that such an order would not be within the scope of the appeal under § 1426e would be, in part at least, perhaps in large part, to defeat the purpose of that statute. The granting of a motion under § 5903 to continue a temporary injunction pending an appeal is, if that section is applicable, within the provision of § 1426e providing that an appeal may be taken when any court or judge "shall issue" a temporary injunction.

The motion to erase is denied.

In this opinion the other judges concurred.