THE H. O. CANFIELD COMPANY *v.* UNITED CONSTRUCTION WORKERS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 6—decided June 3, 1948

*Daniel E. Brennan, Jr.,* with whom was *Norman Zolot,* for the appellants (defendants).

*J. Kenneth Bradley,* with whom was *Dwight F. Fanton,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought this action to secure an injunction against the defendants, unions and officers, agents and members of unions, to restrain certain conduct in connection with a strike of its employees. A temporary injunction was issued. When the case was tried upon its merits,

judgment was rendered for the defendants, the temporary injunction was dissolved and a permanent one refused. The plaintiff filed an appeal. On its application the court, presided over by a judge other than the one who heard the case, made an order continuing the temporary injunction under the provisions of § 5903 of the General Statutes. The defendants filed an appeal from that order; the plaintiff made a motion in this court to erase the appeal, but we denied the motion. *H. O. Canfield Co.* v. *United Construction Workers,* 134 Conn. 358, 57 A. 2d 624. The appeal now comes before us on its merits. The defendants claim in their assignments of error that the trial court was without authority to continue the temporary injunction, that is, that § 5903 is not applicable to injunctions issued in labor disputes under the provisions of chapter 309a of the General Statutes, Cum. Sup. 1939, § 1420e et seq., and that in any event the application for a continuance should have been heard and determined by the court with the judge who tried the case presiding rather than another judge of that court.

Section 5903 provides: "When a temporary injunction shall have been granted and upon final hearing judgment shall have been rendered adverse to its continuance, either party may apply to the court rendering such judgment, representing that he is desirous of taking the case to the supreme court of errors, and praying that such temporary injunction may be continued until the final decision therein; and, unless such court shall be of opinion that great and irreparable injury will be done by the further continuance of such injunction, or that such application was made only for delay and not in good faith, the court shall continue such injunction until a final decision be rendered in the supreme court of errors."

Chapter 309a contains numerous restrictions upon the issuance of injunctions in labor disputes, but for our purposes it is only necessary to refer to § 1423e. This section states: "No court shall have jurisdiction to issue a temporary or permanent injunction" in any case involving or growing out of a labor dispute unless it shall be found that unlawful acts have been threatened and will be committed, that substantial and irreparable injury to the plaintiff or his property will follow, that as to each item of relief granted greater injury would be inflicted upon the plaintiff by the denial of relief than would be inflicted on the defendants by granting it, and that the plaintiff has no adequate remedy at law.

Section 5903 is based upon the possibility that the trial court acted erroneously in dissolving or modifying the temporary injunction in the trial on the merits. The purpose of the section is to preserve the status quo until the plaintiff's rights may ultimately be determined upon the appeal. Back of the statute necessarily lies the assumption that the determination at the trial is based upon circumstances essentially the same as existed when the temporary injunction was granted. The issuance of a permanent injunction is, however, to be decided upon the facts proven at the trial; *Loew's Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees,* 125 Conn. 391, 394, 6 A. 2d 321; and the circumstances at that time may differ materially from those before the court when the temporary injunction was issued. The continuance of such an injunction, unless, in the words of § 5903, it will result in "great and irreparable injury" or is sought only for delay and not in good faith, may in most actions serve the ends of justice; but that may not be so in certain cases, and particularly may it not be

so as regards the fluctuating circumstances often involved in labor disputes. It was largely because the continuance of an injunction should be determined upon the basis of the facts existing when the motion is made that, when this case was before us on the motion to erase the appeal, we said of the order continuing the injunction: "In practical effect, it amounts to the grant of a new temporary injunction." *H. O. Canfield Co.* v. *United Construction Workers,* 134 Conn. 358, 363, 57 A. 2d 624.

It might greatly impair the protection the General Assembly intended to accord labor in its disputes as to employment if the continuance of a temporary injunction after a judgment upon the merits for the defendant is to be granted as of course, unless, as provided in § 5903, it appears that great and irreparable injury would be suffered or the application was made only for delay and not in good faith. Section 1421e provides that no court shall "issue any restraining order or temporary or permanent injunction" which prohibits certain conduct of employees; while § 1423e speaks only of "a temporary or permanent injunction" in its prohibition against the issuance of such orders unless certain conditions are met, there can be no doubt that the latter section was intended to have as broad a scope as the former. Certainly the continuance of a temporary injunction upon an appeal from a final judgment dissolving it is a restraining order. We cannot escape the conclusion that the General Assembly intended by chapter 309a fully to specify the conditions which must be established as a basis for any court order restraining labor in its disputes as to employment, that the provisions of the chapter are, as to such disputes, "exclusive" in the sense that they cover the whole subject, and that those provisions are a substitute

for the requirements in § 5903 as to the issuance of an order continuing injunctions pending appeals in cases involving labor disputes. *Hutchison* v. *Hartford,* 129 Conn. 329, 332, 27 A. 2d 803.

Section 5903 provides that, when "upon final hearing judgment shall have been rendered" adverse to the continuance of the injunction, an application for its continuance may be made "to the court rendering such judgment." The word "court" is often used of the institution itself regardless of the particular judge who may be holding it; *Miles* v. *Strong,* 68 Conn. 273, 286, 36 A. 55; but at other times it includes in its meaning the judge who is particularly concerned with the matter involved. See, e. g., Practice Book §§ 356, 365. Section 5903 closely approximates the provision in our rules of practice which stays execution upon a judgment for two weeks to allow time within which an appeal may be taken but further provides that execution may be ordered in any case if "the judge trying the same" shall be of the opinion that the appeal is taken only for delay and that the due administration of justice requires the issuance of the execution. Practice Book § 366. This provision was taken verbatim from the former statute regulating appeals. Rev. 1918, § 5834. When in § 5903 it is provided that the application to continue an injunction shall be made to "the court rendering" the judgment, the legislature meant the court presided over by the same judge who tried the case.

We have, then, this situation: In determining whether a temporary injunction shall be continued pending an appeal from a judgment for the defendants in a case involving a labor dispute, the limitations of chapter 309a are applicable; and the motion for a continuance under § 5903 must be made to,

heard and determined by the judge who tried the case. The result would be that, if § 5903 is authority for any order of continuance in an action involving a labor dispute, the same judge who upon the trial had decided that the plaintiff had not proven facts justifying an injunction would, if the temporary injunction is to be continued, have to hold, shortly after the judgment had been rendered, that upon the basis of the same requirements of proof the plaintiff was entitled, pending the appeal, to the relief to the grant of which he had not established his right at the trial. We cannot assume that the General Assembly overlooked so apparent a situation. To hold that § 5903 applies to injunctions issued under chapter 309a would produce so unreasonable a result that we cannot impute it to the legislature. *Commonwealth* v. *Kimball,* 41 Mass. (24 Pick.) 366, 370; *United States* v. *Anderson,* 76 F. 2d 337, 338; *Matter of Rouss,* 221 N. Y. 81, 87, 116 N. E. 782; *Glover* v. *Baker,* 76 N. H. 393, 413, 83 A. 916; *Foutch* v. *Zempel,* 332 Ill. 192, 200, 163 N. E. 546; Crawford, Statutory Construction, p. 288. Our conclusion is that the provisions of chapter 309a are such that § 5903 is not applicable as regards injunctions in labor disputes, and to that extent that section has been impliedly repealed.

There is error, the order continuing the temporary injunction is set aside and the case is remanded with direction to deny the application for its continuance.

In this opinion the other judges concurred.