MAY J. FLANIGAN, EXECUTRIX (ESTATE OF ELIZABETH M. CONNERTON) *v.* LAWRENCE R. FOLEY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 82129

Memorandum filed October 22, 1955.

*Jeremiah D. Shea,* of New Haven, for the plaintiff.

*Charles G. Albom,* of New Haven, for the defendants.

KING, J. The defendants have moved to erase this cause from the jury docket on the ground that it is not properly triable by jury.

General Statutes § 7936, as amended by § 2387c of the 1953 Cumulative Supplement, sets forth the classes of cases which may of right be claimed for trial by jury. The material portion is "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity." If a right to a jury trial in a given matter existed prior to the adoption of the constitution of Connecticut, a jury trial in such matter is also guaranteed by article first, § 21, of our constitution. *Roy* v. *Moore,* 85 Conn. 159, 161.

The parties are in dispute as to whether this case is of right triable by jury under the foregoing rules. It is the basic claim of the plaintiff that the case involves the fundamental issue of title to real property, that equity does not ordinarily try title and, so, that in essence the case is a legal one even though the prayers for relief seek equitable aid as incidental to the full execution of the basic determination of title.

The plaintiff is correct in stating that the true test of a right to a jury trial is whether the cause of action stated (rather than merely the relief claimed) is essentially legal as distinguished from essentially equitable. *Fitzgerald* v. *Sullivan,* 12 Conn. Sup. 206, 207.

An inspection of the complaint as amended discloses that this action is brought by the plaintiff, as executrix of the will of Elizabeth M. Connerton,

deceased, to invalidate a quitclaim deed, signed by the decedent on August 19, 1953, conveying the decedent's real estate to the defendants. It is alleged, in effect, that the decedent signed the deed because of (1) blandishments and misrepresentations of the defendants, (2) their undue influence upon her and (3) her inability to know what she was doing.

The relief sought is "judgment and/or a decree" (1) setting aside the deed, (2) that the real estate is still owned by the decedent or her estate, (3) that title to said real estate was in the decedent at the time of her death, (4) that said deed is null and void and of no force and effect. The final prayer for relief is "[a]ny other and further relief that to the court may appear just and fair." Nowhere is there any clear claim appropriate to a legal action of ejectment. Practice Book, Form No. 396. However, under our broad rule, ejectment will lie to recover real estate obtained by undue influence or from a grantor who lacked the legal capacity to execute the conveyance. It will also lie where real estate is obtained by fraud in the factum, that is, where the grantor did not understand that he was executing a conveyance. The fundamental reason for the rule is that the grantor has not assented to the conveyance. It will not, however, lie for fraud in the inducement, that is, where the grantor understands that he is executing a conveyance of a particular piece of property but is motivated so to do by false representations or fraud, since here assent to the act of conveyance is not lacking. *Walsh* v. *Feustel,* 93 Conn. 366, 370. Applying this test, it is impossible to determine from the allegations of the complaint whether the misrepresentations alleged were such as to constitute fraud in the factum or fraud in the inducement. But the undue influence and incapacity claims are, under the *Feustel* case, supra, triable as of right by jury in ejectment.

There is language in the opinions in *Purdy* v. *Watts,* 91 Conn. 214, 215, and *Doris* v. *McFarland,* 113 Conn. 594, 607, which the court finds somewhat difficult completely to reconcile with the language of the *Feustel* case, supra. However, the basic holding of the *Feustel* case is still the law. *National Bank of Commerce* v. *Howland,* 128 Conn. 307, 310.

The jury claim filed by the plaintiff in this case is general. No attempt is made to separate the claimed basic legal issue of title from the issues raised by the first four prayers for relief, which seem to call for the exercise of equitable powers. The effect of this general claim was to require that the jury determine the legal issues, if any, whatever they may be and whenever they may be tried. Cum. Sup. 1953, § 2387c; Practice Book § 149; *Brunetto* v. *Royal Exchange Assurance Co.,* 126 Conn. 569, 573.

We are not now concerned with the order in which the legal and equitable issues should be tried under General Statutes § 7939 and Practice Book § 146; nor with any claim for the trial by jury of equitable issues of fact under § 7937 (as amended, Cum. Sup. 1953, § 2388c) and Practice Book §§ 149, 150. *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 248. Nor are we concerned with a special verdict under § 7973. *Linahan* v. *Linahan,* 131 Conn. 307, 314.

It is not improbable that the confusion and delay which will ensue from the plaintiff's insistence upon a jury trial of the legal issues in this case will react against her. It is almost certain to create technical difficulties likely to be productive of reversible error. If the plaintiff has a good case, this would redound to her detriment. But one of the functions of our constitution is to guaranty the freedom of choice of a trial by jury in a case of right so triable, even though that choice may prove an unwise one.

The defendants' motion to erase is unlimited, and if granted would strike the entire case from the jury docket. This cannot legally be done.

It necessarily follows that the defendants' motion to erase cause from the jury docket must be, as it is, denied.