OHN J. GERDIS *v.* WILLIAM E. BLOETHE ET AL.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 203249
NEW HAVEN

Memorandum filed August 16, 1983

*Solomon & Stanton,* for the plaintiff.

▋

*Januszewski, McQuillan & DeNigris,* for the defendants.

Zoarski, J. This case arises on the defendants' motion to strike the plaintiff's claim for a permanent injunction. The plaintiff alleges in his complaint that he owns a parcel of land in Berlin and that he has an easement appurtenant, via a road, across the defendants' land to his property. The plaintiff alleges that the defendants have blocked the road with a boulder and a fence, and, in addition, have used watchdogs to keep the plaintiff from using the road. The plaintiff seeks a permanent injunction to restrain the defendants from continuing to block the road or from preventing the plaintiff's use of the road to reach his property. The defendants moved to strike the plaintiff's claim for a permanent injunction, alleging that he has not verified by oath his application for the injunction, in accordance with General Statutes § 52-471 (b).

A party may utilize a motion to strike in order to test the legal sufficiency of a cause of action. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 427 A.2d 822 (1980). A motion to strike admits all well pleaded allegations and is construed most favorably to the pleader. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982).

General Statutes § 52-471 states: "GRANTING OF INJUNCTION. (a) Any judge of any court of equitable jurisdiction may, on motion, grant and enforce a writ of injunction, according to the course of proceedings in equity, in any action for equitable relief when the relief is properly demandable, returnable to any court, when the court is not in session. Upon granting of the writ, the writ shall be of force until the sitting of the court and its further order thereon unless sooner lawfully dissolved. (b) No injunction may be issued unless the facts stated in the application therefor are

verified by the oath of the plaintiff or of some competent witness." The defendants argue that the plaintiff's claim for a permanent injunction is insufficient because the plaintiff has not made an oath in compliance with subsection (b) of § 52-471.

Existing case law interpreting § 52-471 speaks only of temporary, and not permanent, injunctions. In *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190 (1961), the court, in dicta, stated that the plaintiff's claim for temporary injunctive relief was not verified by oath, which the court stated was a prerequisite to action by the court. The plaintiff's claim that an oath is required only for temporary injunctions is supported by Stephenson, Conn. Civ. Proc. § 267 (c) (1970).[1]

It is submitted that the difference between a temporary and permanent injunction may explain the requirement of an oath for each. The purpose of a preliminary injunction is to maintain the status quo, pending a final determination on the merits. *Angell* v. *Zinsser,* 473 F. Sup. 488, 493 (D. Conn. 1979). It would seem to follow, therefore, that the court would require the plaintiff to attest by oath to the truth of his claim, before it issued a temporary injunction, or heard the case on its merits. Before a permanent injunction may be issued, it must be decided upon facts proved at trial. *H. O. Canfield Co.* v. *United Construction Workers,* 134 Conn. 623, 626, 60 A.2d 176 (1948). The facts and statements to be proved at trial would be given, under oath, at the time of the trial.

In this case the plaintiff has not asked for a temporary injunction, and the claim in his complaint appears

[1] Stephenson, Conn. Civ. Proc. § 267 (c) states in pertinent part: "Unlike other complaints, complaints seeking temporary injunctions must contain a verification as to the truthfulness of the allegations, signed under oath by the plaintiff or some other 'competent witness.' "

to seek a permanent injunction. As stated above, this would require the plaintiff to give proof, under oath, at trial.

For the foregoing reasons the motion to strike is denied.