[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, John H. DeMartino, has brought this action to annul a deed for fraud. The plaintiff alleges that he is the son and heir at law of Henry DeMartino, a resident of Milford, Connecticut, who died April 28, 1989. The plaintiff alleges that his father was old, infirm, and suffering from terminal cancer and thereby rendered incapacitated from properly attending to his business. The plaintiff further alleges that the defendants Gelsomina and Philip DiSora (friends of Henry DeMartino) took advantage of Henry DeMartino's age and infirmity by procuring his signature upon a deed conveying real property from him to themselves on April 24, 1989. The plaintiff alleges that the defendants also took advantage of Henry DeMartino by causing him to execute a will on April 24, 1989 devising the residue of his estate to the defendants and that the plaintiff is contesting that will in probate court. CT Page 3900
On January 22, 1990, the defendants filed an appearance and a motion to dismiss the plaintiff's complaint on the grounds of: 1) a prior pending action; 2) failure to include a statement of amount in demand; 3) failure to properly allege and seek injunctive relief; 4) lack of standing; 5) mootness; 6) failure to comply with Connecticut General Statute's section 47-31; and 7) failure to comply with Connecticut Practice Book section 390. The plaintiff filed an objection to the motion, accompanied by a memorandum of law, on February 13, 1990. No party submitted any supporting affidavits with its memorandum of law. The motion was heard at short calendar on September 17, 1990.
A motion to dismiss is "used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Conn. Practice Bk. section 143 (rev'd to 1978, as updated to July 1, 1990). The motion to dismiss is also the proper motion with which to raise the issue of a prior pending action, Halpern v. Board of Education, 196 Conn. 647,652 n. 4 (1985), and lack of standing, Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 555 (1987). A motion to dismiss should not be used to test the merits of a case. Davis v. Board of Education, 3 Conn. App. 317, 321 (1985).
The motion to dismiss shall be filed "with supporting affidavits as to facts not apparent on the record" where appropriate. Practice Bk. section 143. When the movant does not seek to introduce other evidence, the movant admits all well pleaded facts. Duguay v. Hopkins, 191 Conn. 222, 227
(1983). The burden of proof is on the defendant as to the jurisdictional issues raised. Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 51-54 (1983).
Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quirk,192 Conn. 447, 449 (1984); see also Craig v. Bronson,202 Conn. 93, 101 (1987). "The source of the jurisdiction of a court is the constitution and statutory provisions." Romanowski v. Foley, 10 Conn. App. 80, 83 (1987). The court must act on the question of subject matter jurisdiction "`regardless of the form of the motion' or the contents of the pleadings." LaCroix v. Board of Education, 199 Conn. 70,80 n. 8 (1986) (citations omitted). However, the superior court is a court of general jurisdiction, . . . and "every presumption favoring jurisdiction should be indulged" Demar v. Open Space Conservation Comm'n. , 211 Conn. 416, 425
(1989). Finally, the court has jurisdiction to determine its CT Page 3901 own jurisdiction. Chevette v. U-haul Co. of New Mexico,7 Conn. App. 617, 622 (1986).
1) Prior Pending Action Claim
"`It has long been the rule that when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court.' The prior pending action doctrine has evolved as a `rule of justice and equity' and retains its vitality in this state, in which `joinder of claims and of remedies is permissive rather than mandatory."' Halpern v. Board of Education, 196 Conn. 647, 652 (1985) (citations and footnote omitted). "Unless the plaintiff is prepared to show a valid reason for the second action, the maintenance of the second action can only be regarded as `unnecessary and vexatious' and it should be [dismissed] to eliminate harassment of the defendant." 1 Stephenson, Connecticut Civil Procedure section 104(b) (2d ed. 1970) (footnote omitted); Halpern, 196 Conn. at 652; Zachs v. Public Utilities Commission, 171 Conn. 387, 391-92 (1976). "[T]he prior pending action rule does not truly implicate the subject matter jurisdiction of the court." Id. at n. 4. Accordingly, the rule forbidding the second action is not a rule of universal application, nor a principle of absolute law. Id. at 653.
In support of their motion to dismiss, the defendants submitted a photocopy of a civil summons form JD-CV-1. The photocopy does not contain a docket number or filing date, nor was any other evidence offered that the complaint was filed. In their memorandum in support of their motion to dismiss, the defendants allege that the case was filed with a docket number of CV89 002 99 03S. The plaintiff claims, in his memorandum in opposition to the defendants' motion to dismiss, that the action was withdrawn on November 28, 1989, because the complaint was not properly served. An examination of the file revealed that a memorandum in support of a motion to dismiss (#105) was the last item filed. Neither the plaintiff, nor the defendants have formally filed any papers since the defendants' motion to dismiss.
The file also contained a letter to Judge Curran, dated November 28, 1989, stating "that the Summons and Complaint are hereby withdrawn by the Plaintiff." The clerk of the Superior Court for the Judicial District of Ansonia/Milford at Milford did not consider the letter a proper withdrawal and, therefore, considers docket number CV89 002 99 03S an active case on the court docket at Milford.
While the prior action has not been formally withdrawn, CT Page 3902 the plaintiff does not intend to pursue the prior action. Therefore, the second action is not intended to harass the defendant.
The photocopy of a summons and complaint which bears no filing date nor docket number cannot, by itself, be viewed by the court as evidence of a prior pending action. The defendants have failed to sustain their burden of proving that a prior pending action exists because they have failed to submit affidavits or other evidence of the prior pending action. Therefore, the defendants' motion to dismiss on the ground of a prior pending action is denied.
2) Failure to Include an Amount in Demand
"The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a . . . demand for relief which shall be a statement of the remedy or remedies sought. When money damages are sought in the demand for relief, the demand for relief shall include the information required by [Conn. Gen. Stat. section 52-91]." Conn. Practice Bk. section 131. "A party seeking equitable relief shall specifically demand it as such, unless the nature of the demand itself indicates that the relief sought is equitable relief." Conn. Practice Bk. section 139.
The plaintiff's demand for relief "claims (1) judgment enjoining the Defendants from making any conveyance of the property or from encumbering the same, and (2) judgment declaring the deed to be null and void and of no effect; and (3) reasonable costs and attorney's fees of this action." Plaintiff's complaint, p. 3 (November 28, 1989).
The superior court may administer equitable rights and apply equitable remedies in favor of either party. Conn. Gen. Stat. section 52-1 (rev'd to 1989). "The superior court in the exercise of its equitable jurisdiction may pass the title to real property by decree, without any act on the part of any party holding title to the real property, when in its judgment it is the proper mode to carry the decree into effect." Conn. Gen. Stat. section 52-22.
The plaintiff is claiming equitable relief, not money damages and has specifically demanded such equitable relief in compliance with Conn. Practice Bk. section 139. The plaintiff is not required to comply with Conn. Practice Bk. section 131 or with Conn. Gen. Stat. section 52-91 because he is not claiming money damages. Therefore, the defendants' motion to dismiss for failure to comply with these sections is denied. CT Page 3903
3) Failure to Properly Allege and Seek Injunctive Relief
The defendants argue that the plaintiff cannot obtain an injunction because the plaintiff has failed to comply with the statutory requirements set forth in Conn. Gen. Stat. section 471, et seq., by failing to verify the complaint by the oath of the plaintiff or of some competent witness. The defendants further argue that the plaintiff's complaint should be dismissed because the plaintiff has failed to allege irreparable harm and the lack of an adequate remedy at law.
Conn. Gen. Stat section 52-417 (b) states that "[n]o injunction may be issued unless the facts stated in the application therefor are verified by the oath of the plaintiff or of some competent witness." It does not state specifically how or when the facts need to be verified. In contract, Conn. Gen. Stat. section 52-473 states, in pertinent part, that [n]o temporary injunction may be granted without notice to the adverse party unless it clearly appears from the specific facts shown by affidavit or by verified complaint that irreparable loss or damage will result to the plaintiff before the matter can be heard on notice. (emphasis added).
 [T]he difference between a temporary and permanent injunction may explain the requirement of an oath for each. The purpose of a preliminary injunction is to maintain the status quo, pending a final determination on the merits. It would seem to follow, therefore, that the court would require the plaintiff to attest by oath to the truth of his claim, before it issued a temporary injunction, or heard the case on its merits. Before a permanent injunction may be issued, it must be decided upon facts proved at trial. The facts and statements to be proved at trial would be given, under oath, at the time of the trial.
Gerdis v. Bloethe, 39 Conn. Sup. 53, 55 (Super.Ct. 1983) (citations omitted); see also Planning Zoning Commission v. Niles, 4 CSCR 42, 42 (November 17, 1988, Meadow, J.) (quoting Gerdis, 39 Conn. Sup. at 55 (1983)).
While Conn. Gen. Stat. section 52-471 requires the facts stated in an application for injunction to be verified by the oath of the plaintiff or some competent witness before the court may grant an injunction, it does not require the plaintiff to file a verified complaint or affidavit before CT Page 3904 the court may exercise jurisdiction over an action for an injunction. A party seeking injunctive relief may be allowed to verify its allegations at the time of trial and that a verified complaint or affidavit is only required when a party is seeking a temporary injunction without notice pursuant to Conn. Gen. Stat. section 52-473.
Although the plaintiff has not specified in his complaint whether he is seeking a permanent or temporary injunction, the plaintiff is not required to submit a verified complaint or affidavit because the defendants in this case have notice as indicated by their appearance. Therefore, the defendants' motion to dismiss grounded on the plaintiff's failure to comply with Conn. Gen. Stat. section52-471, et seq., is denied.
"`A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law.'" Pet v. Department of Health Services,207 Conn. 346, 370 (1988) (quoting Hartford v. American Arbitration Ass'n. , 174 Conn. 472, 476 (1978)). "The allegations and proof are conditions precedent to the granting of an injunction." Clark v. Gibbs, 184 Conn. 410,419-20 (1981).
The requirements of alleging and proving irreparable harm and lack of an adequate remedy at law are conditions precedent to the granting of an injunction, not conditions precedent to the commencement of an action for an injunction. The defendants are contesting the sufficiency of the allegations of the plaintiff's complaint to state a claim upon which an injunction may be granted. The defendants' motion to dismiss on the ground of the plaintiff's failure to allege irreparable harm and lack of an adequate remedy at law is denied because a motion to strike under Conn. Practice Bk. section 152 is the proper motion by which to contest the allegations of the plaintiff's complaint, not a motion to dismiss.
4) Standing
The defendants next argue that the plaintiff does not have standing to bring this action because he has no interest in the property in dispute. The defendants cite Urrata v. Izzillo, 1 Conn. App. 19 (1984), as the sole authority for this proposition. The court in Urrata held that a judgment creditor of an heir at law was not aggrieved within the meaning of Conn. Gen. Stat. section 45-288 by an order of the probate court admitting a will disinheriting that heir, and therefore lacked standing to appeal the probate court's CT Page 3905 order. Id.
"Standing concerns the legal right of an individual to set the machinery of the courts in operation." Alarm Applications, Inc. v. Simsbury Volunteer Fire Co., Inc.,179 Conn. 541, 545 (1980). "`When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justifiable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded."' Connecticut Association of Boards of Education Inc. v. Shedd, 197 Conn. 554, 558 (1985). An heir at law possesses sufficient standing to request that a deed be set aside on the grounds of undue influence, mental incompetence of the grantor, or fraudulent misrepresentation. See Reynolds v. Owen, 34 Conn. Sup. 107, 112 (Super.Ct. 1977). Therefore, the defendants' motion to dismiss on the ground that the plaintiff lacks standing is denied.
5) Mootness
The defendants argue that the plaintiff's lawsuit should be dismissed because it is moot. The substance of their argument is that since Henry DeMartino's will devises and bequeaths the residue of his estate to the defendants, the property that is the subject of this lawsuit will pass to them regardless of the court's decision in the instant action. The plaintiff argues that he is appealing the admission to probate of Henry DeMartino's will and that if he is successful in the instant case the subject property would revert to the estate of Henry DeMartino, and, the plaintiff argues, if the will is declared invalid, he will be entitled to an interest in the property by way of the intestacy statutes.
"`"A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists,."'" Hallas v. Windsor, 212 Conn. 338, 347-48 (1989). "`[B]efore a claimed controversy is entitled to a resolution on the merits it must be justiciable.""' Hallas,212 Conn. at 347. Justiciability requires: (1) that there be an actual controversy between or among the parties to the dispute, (2) that the interests of the parties be adverse, (3) that the matter in controversy be capable of being adjudicated by judicial power, and (4) that the determination of the controversy will result in practical relief to the complainant. Id.
The controversy between the plaintiff and the defendants CT Page 3906 is justiciable and, therefore, not moot. There is an actual controversy regarding the validity of the deed granting the subject property from the decedent to the defendants. The plaintiff's interests are adverse to the defendants' because the plaintiff is requesting that a deed granting property to the defendants be annulled, while the defendants claim the deed is valid. The matter is capable of being adjudicated by the court through the exercise of its equitable power, and the court, by virtue of its equitable power, may grant the relief the plaintiff requests. The defendants' motion to dismiss on the ground of mootness is denied.
6. Failure to Comply with Conn. Gen. Stat. section 47-31
The defendants' sixth ground for dismissal is that the plaintiff has failed to comply with Conn. Gen. Stat. section47-31. Section 47-31 sets forth the requirements for an action to quiet title. The plaintiff is bringing an action to annul a deed for fraud, not an action to quiet title. Compare Conn. Practice Bk. form 704.27 with Conn. Practice Bk. form 704.34. The plaintiff is not required to comply with Conn. Gen. Stat. section 47-31 to bring the instant action. The defendants' motion to dismiss grounded on the plaintiff's failure to comply with Conn. Gen. Stat. section47-31 is denied.
7. Failure to Comply with Conn. Practice Bk. section 390
The defendants' final argument in support of their motion to dismiss is that the plaintiff has failed to comply with Conn. Practice Bk. section 390(a), (b) and (c). Section 390 sets forth the procedural requirements for a declaratory judgment action pursuant to Conn. Gen. Stat. section 52-29 (b).
 A "declaratory judgment" is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law without ordering anything to be done, its distinctive characteristic being that the declaration stands by itself and no executory process follows as of course, and the action is, therefore, distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party.
26 C.J.S. Declaratory judgments section 1 (1956) (footnotes omitted). The sole function of the trial court in a declaratory judgment action is to ascertain the rights of the parties under existing law. Middlebury v. Steinmann,189 Conn. 710, 715 (1983). CT Page 3907
"A declaratory judgment was unknown to the common law, either at law or in equity; and the remedy is purely statutory in origin and nature. 26 C.J.S. Declaratory Judgments section 2 (1956) (footnotes omitted). The first statute authorizing a declaratory judgment in Connecticut was enacted in 1893 and created an action to quiet title to real property. 2 Stephenson, Connecticut Civil Procedure section 266(a) (1971). "In 1921 the legislature adopted a broad declaratory judgment statute." Id.; see also Connecticut Insurance Guaranty Ass'n. v. Raymark Corp., 215 Conn. 224,229 (1990). The current version of this statute is codified at Conn. Gen. Stat. section 52-29. 2 Stephenson, at section 266(a); Connecticut Insurance Guaranty Ass'n. ,215 Conn. at 229. Before 1921, Connecticut courts were without power to render declaratory judgments. See Ackerman v. Union New Haven Trust Co., 91 Conn. 500, 505-06 (1917) (holding that the statute authorizing the court to entertain actions to quiet title was not broad enough to allow the courts to grant general declaratory judgments).
An action for the cancellation of a deed is an equitable action. Walsh v. Feustel, 93 Conn. 366, 370 (1919). A complaint to annul a fraudulent contract or deed has existed in the Connecticut Practice Book since 1879, see form 134 (1879), while declaratory judgments did not exist until 1921, see Connecticut Insurance Guaranty Ass'n. , 215 Conn. at 229; Conn. Practice Bk. sections 62 to 66 (1922); Conn. Practice Bk. form 499 (1934).
The plaintiff in the instant action is requesting the court to do more than define the legal rights of the parties under the existing law because he is requesting that the court annul the deed granting the subject property from the decedent to the defendants. The plaintiff has instituted an action for equitable relief, not an action for declaratory judgment. Conn. Practice Bk. section 390 is not applicable to the plaintiff's action. Therefore, the defendant's motion to dismiss for the plaintiff's failure to comply with Conn. Practice Bk. section 390 is denied.
The Court CURRAN, J.