INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 786, ET AL. *v.* THOMAS SERRANI ET AL. (10197)

DALY, FOTI and HEIMAN, Js.

Argued December 3, 1991—decision released February 11, 1992

*Anthony F. Slez, Jr.,* for the appellant (plaintiff).

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Paul D. Shapero,* corporation counsel, for the appellees (defendants).

HEIMAN, J. The plaintiffs in this labor dispute, the International Association of Firefighters, Local 786, and certain probationary firefighters laid off by the city of Stamford,[1] appeal from the trial court's denial of their application for a temporary injunction.

We first note that in the absence of a statutory exception, the denial of an application for a temporary injunction generally is not an appealable final judgment. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 389, 488 A.2d 444 (1985). General Statutes § 31-118, however, authorizes any party aggrieved by a decision of the court on an application for a temporary injunction in a labor dispute to appeal from the final judgment thereon. The term "final judgment" as used in the statute means a decision that "definitely determines a motion for the issuance of a temporary injunction either in favor of or against the party seeking it." *H. O. Canfield Co.,* v. *United Construction Workers,* 134 Conn. 358, 362, 57 A.2d 624 (1948). Thus, we have subject matter jurisdiction over this appeal.

The plaintiffs claim that the trial court (1) abused its discretion in making an express finding that a layoff did not repudiate the parties' collective bargaining agreement, (2) incorrectly found that the parties' collective bargaining agreement must give way to the fiscal constraints facing the city despite the city's failure to establish any real fiscal necessity for the immediate layoffs, (3) improperly found that there was no substan-

---

[1] The individual plaintiffs are David Bocchetta, David Davis, John Edwards, Richard Labati, David Lenotti, Erwin Osorio, James Randall and William Wood.

tial probability that the plaintiffs would suffer irreparable harm from its denial of the application, and (4) improperly found the existence of an adequate remedy at law. We affirm the trial court's judgment.

The facts necessary to our resolution of this appeal may be summarized as follows. The plaintiff International Association of Firefighters, Local 786, is the certified collective bargaining unit representing all uniformed firefighters employed by the city of Stamford. The individual plaintiffs are probationary uniformed firefighters laid off by the city. The defendants are the city of Stamford; Thomas Serrani, mayor of Stamford; Sim Bernstein, personnel director for the city of Stamford; and the fire commission of Stamford.

A collective bargaining agreement dated July 1, 1987, presently exists between Local 786 and the city of Stamford. The agreement contains provisions requiring that at least fifty persons be assigned to work each shift. At least forty-one of the fifty persons assigned to each shift must be on the floor.[2] The city used overtime to meet the forty-one on the floor requirement until December, 1990, when it met the fifty assigned per shift provision by hiring the nine individual plaintiffs as probationary firefighters. The city budgeted the new positions for its 1990-91 fiscal year.

In preparing the city's 1991-92 budget, Serrani, facing a $1.8 million deficit precipitated by an unanticipated decline in state revenues, a decline in interest income and an unanticipated increase in insurance costs, eliminated the nine probationary firefighter positions. Serrani considered the layoffs a last resort and ordered them only after reducing the budget of every

[2] Article VIII, § 2 (d) of the agreement provides: "The minimum manpower assigned to each Group shall be at least fifty (50) men including Officers and the minimum manpower allowed on each Group shall be forty-one (41) men including Officers."

other office within his control. The nine probationary firefighters were notified that they would be laid off as of April 19, 1991.

Local 786 filed a grievance with the fire chief, who denied it. The union then appealed to the fire commission, which upheld the appeal. Despite the fact that the appeal of Local 786 was upheld, the defendants refused to rescind the layoff notices. As a result, the union filed an unfair labor practice complaint with the state labor board and an action in the Superior Court seeking (1) a temporary and permanent injunction requiring the defendants to maintain the status quo prior to the layoffs, (2) wages and other benefits lost as a result of the layoffs and (3) attorney's fees. The trial court denied the plaintiffs' application for a temporary injunction after a full evidentiary hearing, and this appeal followed.

General Statutes § 31-115 sets forth five facts that the trial court must find to exist before it may grant injunctive relief in a labor dispute.[3] Each is a necessary prerequisite to injunctive relief. If any of the factual predicates are not established, the court cannot grant injunctive relief.

Because it is dispositive of this appeal, we turn first to the plaintiffs' claim that the trial court improperly found that the plaintiffs failed to establish a substan-

---

[3] General Statutes § 31-115 provides in pertinent part: "No court shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute . . . except after a finding of facts by the court, to the effect: (a) The unlawful acts have been threatened and will be committed by a person or persons unless such person or persons are restrained therefrom . . . (b) that substantial and irreparable injury to the complainant or his property will follow; (c) that as to each item of relief granted greater injury would be inflicted upon the complainant by the denial of relief than would be inflicted upon the defendants by the granting of relief; (d) that the complainant has no adequate remedy at law; and (e) that the public officers charged with the duty to protect the complainant's property are unable or unwilling to furnish adequate protection."

tial probability that they would suffer irreparable harm from the denial of their application for a temporary injunction. In challenging this finding, the plaintiffs attack both the court's factual determinations and its application of the "substantial probability" standard.

Before granting injunctive relief in a labor dispute, the court must find, inter alia, that the moving party will suffer "substantial and irreparable injury" in the event that injunctive relief is denied. General Statutes § 31-115 (b). Our courts have consistently applied a "substantial probability" standard to the issue of irreparable harm in cases involving injunctive relief outside the labor context. See *Karls* v. *Alexandra Realty Corporation,* 179 Conn. 390, 402, 426 A.2d 784 (1980); *Silitschanu* v. *Groesbeck,* 12 Conn. App. 57, 65, 529 A.2d 732 (1987), aff'd, 208 Conn. 312, 543 A.2d 737 (1988). The plaintiffs offer no reason to apply a different standard in labor cases, and we decline to do so here. The trial court properly required the plaintiffs to establish a substantial probability that irreparable harm would result from the denial of their application.

We turn next to the plaintiffs' factually based claims. The plaintiffs dispute the trial court's findings that neither (1) the risk to the health, safety and welfare of the firefighters, nor (2) the risk to the citizens of Stamford, nor (3) the deterioration in the relationship between the union, its membership and management, nor (4) the city's unilateral action in contravention of accepted grievance procedures constituted substantial irreparable harm that required granting their application for a temporary injunction. These are issues of fact. The trial court's findings of fact are subject to reversal only if they are clearly erroneous. *Kleinman* v. *Marshall,* 192 Conn. 479, 483, 472 A.2d 772 (1984).

"Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses

and of the weight to be accorded their testimony." *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641 (1952); *Robert S. Weiss & Co.* v. *Mullins,* 196 Conn. 614, 621, 495 A.2d 1006 (1985). It is not our function, nor are we permitted, to pass on the credibility of the witnesses who testified before the trial court. *Kelman* v. *McDonald,* 24 Conn. App. 398, 401, 588 A.2d 667 (1991). Because the trial court is the sole arbiter of the credibility of witnesses, "it is privileged to adopt whatever testimony [it] reasonably believes to be credible." (Internal quotation marks omitted.) Id.

In reviewing the trial judge's factual findings, we give the evidence the most favorable reasonable construction in support of the judgment. *Gorra Realty, Inc.,* v. *Jetmore,* 200 Conn. 151, 160, 510 A.2d 440 (1986); *Kelman* v. *McDonald,* supra. Where the factual basis of the trial court's decision is attacked, we are called on to "determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Duksa* v. *Middletown,* 192 Conn. 191, 205, 472 A.2d 1 (1984). It is not our function to examine the record to determine whether the trier of fact could have reached a different conclusion. *Rodriguez* v. *New Haven,* 183 Conn. 473, 477, 439 A.2d 421 (1981); *Biggs* v. *Warden,* 26 Conn. App. 52, 56, 597 A.2d 839 (1991). We are not permitted on appeal to reject a factual finding merely because we, as a reviewing court, might disagree with the conclusion or might have reached a different result had we been sitting as the trier of fact. *Lupien* v. *Lupien,* 192 Conn. 443, 446, 472 A.2d 18 (1984). The trier's determination of fact will be disturbed only in the clearest of circumstances, where it could not reasonably have reached such a conclusion. *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 180, 455 A.2d 833 (1983); see also *Biggs* v. *Warden,* supra, 55–56.

A finding that a substantial probability of irreparable harm exists requires a two part analysis: (1) whether there is a substantial probability that the alleged harm will result; and (2) whether the harm, if it occurs, will be irreparable. The trial court found that the plaintiffs failed to establish a substantial probability that any of the alleged harm would result from the denial of their application. The court stated, in its oral decision on the application for a temporary injunction, that only "unsubstantiated generalized fears and concerns have been expressed concerning the risk of harm that may befall a firefighter." It further noted that the plaintiffs presented "no historical evidence of experiences involving incidents in the past and no prediction of what type of dangerous events are likely to occur in the future." Our review of the transcript of the proceedings and of the whole record indicates that these factual determinations are adequately supported by the record and thus are not clearly erroneous. In light of these findings, the trial court's determination that the plaintiffs failed to show a substantial probability of irreparable harm in the event their application was denied was not clearly erroneous.

The trial court properly required the plaintiffs to establish a substantial probability that irreparable harm would result from the denial of their application. Further, its finding that the plaintiffs failed to sustain their burden of establishing a substantial probability of irreparable harm is not clearly erroneous. Because a finding of a substantial probability of irreparable harm is a necessary prerequisite to injunctive relief, the trial court properly denied their application for a preliminary injunction. In light of this conclusion, we need not consider the plaintiffs' remaining claims.

The judgment is affirmed.

In this opinion the other judges concurred.