[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
Upon consideration of the evidence and a review of the respective briefs, the plaintiff's application for a temporary injunction is denied for failure to show that there is a "substantial probability"; International Assn. of Firefighters,Local 786 v. Serrani, 26 Conn. App. 610, 614, 602 A.2d 1067
(1992), and cases cited therein; that without such relief the plaintiff will sustain irreparable harm at this time. In deciding whether to grant, continue or dissolve a temporary injunction, "the court is called upon to balance the results which may be caused to one party or the other. . . ." Olcott v. Pendleton,128 Conn. 292, 295, 22 A.2d 633 (1941). In order to obtain a temporary injunction, "the moving party must establish, interalia, that without such relief he is likely to suffer irreparable harm." Weitzman v. Stein, 897 F.2d 653, 658 (2d Cir. 1990). Although foreclosure proceedings against the plaintiff are foreseeable, there is no evidence that the plaintiff is without legal or equitable defenses to such proceedings or that the plaintiff would sustain anything other than monetary damages cognizable in an action at law or in an action under the Connecticut Unfair Trade Practices Act; General Statutes § 42-110a
CT Page 12493 et seq., which creates an essentially equitable cause of action. . . ." Associated Investment Co. Ltd. Partnership v.Williams Associates IV, 230 Conn. 148, 155 (1994).
The court does not reach the other claims of the plaintiff.
BY THE COURT
Bruce L. Levin Judge of the Superior Court