## JOSEPH RUGGIERO, ADMINISTRATOR (ESTATE OF JAMES B. IRWIN, JR.), ET AL. *v.* JOHN T. FUESSENICH ET AL.

## STATE OF CONNECTICUT *v.* JOHN T. FUESSENICH (15378)

Peters, C. J., and Callahan, Berdon, Norcott and Katz, Js.

Argued April 24—officially released June 18, 1996

*Thomas A. Pavano*, for the appellants (plaintiff administrator et al.).

*Hope C. Seeley*, with whom, on the brief, was *Hubert J. Santos*, for the appellee (named defendant).

CALLAHAN, J. The dispositive issue in this appeal is whether the trial court's denial of the plaintiffs'[1] petition for disclosure and release of records relating to the criminal prosecution of the named defendant, John T. Fuessenich, constituted a final judgment for purposes of appeal. During the pendency of the criminal prosecution, the plaintiffs filed a wrongful death action against the defendant[2] for causing the death of James B. Irwin, Jr. (decedent), by shooting him with a .357 caliber magnum revolver. Subsequently, the defendant was acquitted by a jury of murder and the lesser included offense of manslaughter in the first degree after the jury found that the state had failed to prove beyond a reasonable doubt that the defendant had not acted in self-defense. The defendant thereafter pleaded guilty to three related counts of tampering with physical evidence. The plaintiffs then filed a petition for the disclosure and release of the records pertaining to the defendant's criminal prosecution and trial. The trial court denied the plaintiffs' petition. The plaintiffs appealed from the decision of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We conclude that the decision of the trial court is not a final judgment and, therefore, dismiss the plaintiffs' appeal.

The following facts are undisputed. On June 19, 1991, the defendant was arrested and charged with the murder of the decedent in violation of General Statutes § 53a-54a. At the defendant's first criminal trial in 1992, the jury was unable to reach a unanimous verdict and

---

[1] The plaintiffs in the wrongful death action are Joseph Ruggiero, the administrator of the estate of James B. Irwin, Jr. (decedent), James B. Irwin, Sr., and Rosaria Irwin, the parents of the decedent, and James Irwin, Jr., the son of the decedent.

[2] Robert G. Bigelow, who was also named as a defendant in the plaintiffs' wrongful death action, died November 5, 1994. Throughout this opinion we will refer to John Fuessenich as the defendant.

the trial court declared a mistrial, pursuant to Practice Book § 889.

Thereafter, in a substitute information, the state refiled the murder charge against the defendant and filed five additional charges of tampering with physical evidence in violation of General Statutes § 53a-155 (a). Prior to the defendant's second criminal trial, he filed a motion to sever the murder count from the five counts of tampering with physical evidence. The trial court granted the defendant's motion and he proceeded to trial only on the charge of murder. Following the defendant's second trial in 1995, the jury found him not guilty of murder and the lesser included offense of manslaughter in the first degree. Shortly thereafter, the defendant pleaded guilty to three counts of tampering with physical evidence, and, in return, the state entered a nolle prosequi on the remaining two tampering counts.

In March, 1993, during the pendency of the criminal prosecution, the plaintiffs filed a wrongful death action against the defendant, seeking compensatory and punitive damages, as well as attorney's fees. In their action, the plaintiffs claimed that the defendant had intentionally assaulted the decedent, had engaged in reckless and/or negligent conduct that had resulted in the decedent's death and thereby had caused the decedent's parents and son to suffer damages. Prior to the trial in their wrongful death action and following the resolution of the criminal charges pending against the defendant, the plaintiffs filed a petition for the disclosure and release of all criminal records pertaining to the defendant's prosecution and trial for murder. Their petition requested the disclosure of the entire record of *State v. Fuessenich*, Superior Court, judicial district of Litchfield, Docket No. CR91-0073111, "including the trial transcript and all police and prosecutorial authority investigative materials prepared in the criminal mat-

ter."[3] The trial court denied the plaintiffs' petition and this appeal followed.

As a general matter, if a defendant is found not guilty of a particular criminal charge or the charge against him is dismissed, General Statutes § 54-142a (a) requires that "all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal . . . ."[4] To give effect to this provision, § 54-142a (e) prohibits any person charged with the retention of the erased records from disclosing any information contained in such records.[5] The plain-

[3] The court requested that the plaintiffs file an amended petition incorporating the docket number of the defendant's criminal case into the caption of their petition, which they also filed in the criminal case.

[4] General Statutes § 54-142a (a) provides in relevant part: "Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken. . . ."

[5] General Statutes § 54-142a (e) provides: "The clerk of the court or any person charged with retention and control of such records in the records center of the judicial department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator of satisfactory proof of the subject's identity, information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. Such clerk or such person, as the case may be, shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records. No fee shall be charged in any court with respect to any petition under this section. Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath."

tiffs claimed, however, that they were entitled to the requested records because: (1) subsection (g) of § 54-142a is an exception to subsection (a) that prevents the erasure of records relating to a criminal prosecution if a defendant is found guilty under one count of an information or indictment and the state has entered a nolle prosequi to the remaining counts; (2) General Statutes § 54-142c (b) permits disclosure to the plaintiff administrator, the decedent's legal representative, who has established that a civil action has been filed; and (3) General Statutes § 51-61 (c) permits disclosure of the records to any person who requests such records.[6] The trial court disagreed with the plaintiffs and denied their petition.

---

[6] General Statutes § 54-142a (g) provides: "The provisions of [§ 54-142a (a) through (f)] shall not apply to any police or court records or the records of any state's attorney or prosecuting attorney with respect to any count of any information or indictment which was nolled or dismissed if the accused was convicted upon one or more counts of the same information or indictment."

General Statutes § 54-142c (b) provides: "Notwithstanding any other provisions of this chapter, within one year from the date of disposition of any case, the clerk of the court or any person charged with retention and control of erased records by the chief court administrator or any criminal justice agency having information contained in such erased records may disclose to the victim of a crime or his legal representative the fact that the case was dismissed. If such disclosure contains information from erased records, the identity of the defendant or defendants shall not be released, except that any information contained in such records, including the identity of the person charged may be released to the victim of the crime or his representative upon written application by such victim or representative to the court stating (1) that a civil action has been commenced for loss or damage resulting from such act or (2) the intent to bring a civil action for such loss or damage. Any person who obtains criminal history record information by falsely representing to be the victim of a crime or his representative shall be fined not more than five thousand dollars or imprisoned not less than one year nor more than five years or both."

General Statutes § 51-61 (c) provides: "Each official court reporter, assistant court reporter and monitor shall, when requested, furnish to the court, to the state's attorney or any assistant or deputy assistant state's attorney, to any party of record and to any other person, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired, except that, if the proceedings were closed to the public, such court reporter

On appeal, the defendant argues that, in view of the fact that a final judgment has not yet been rendered in the plaintiffs' wrongful death action, the trial court's decision denying the plaintiffs' petition is an interlocutory order and, as such, does not satisfy the test permitting the appeal of such orders set forth in *State* v. *Curcio*, 191 Conn. 27, 31–34, 463 A.2d 566 (1983). We agree.[7]

"It is axiomatic that, except insofar as the constitution bestows upon this court jurisdiction to hear certain cases; see *Fonfara* v. *Reapportionment Commission*, 222 Conn. 166, 610 A.2d 153 (1992); the subject matter jurisdiction of the Appellate Court and of this court is governed by statute. *Grieco* v. *Zoning Commission*, 226 Conn. 230, 231, 627 A.2d 432 (1993). It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review; see, e.g., General Statutes § 52-278*l* (prejudgment remedies); General Statutes § 54-63g (petition for review of bail); General Statutes § 51-164x (court closure orders); *State* v. *Ayala*, 222 Conn. 331, 340, 610 A.2d 1162 (1992); [our] appellate jurisdiction is limited to final judgments of the trial court. General Statutes § 52-263;[8] *State* v. *Curcio*,

---

or monitor shall not furnish such transcript or portion thereof to such other person unless the proceedings were commenced on or after October 1, 1988, and the court in its discretion determines that such disclosure is appropriate."

[7] Although the defendant raised and thoroughly briefed the issue of our jurisdiction to entertain this appeal, the plaintiffs did not mention this issue in their brief nor did they file a reply brief addressing this issue.

[8] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[supra, 191 Conn. 30]; *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 447, 645 A.2d 978 (1994). . . .

"We have recognized, however, in both criminal and civil cases, that certain otherwise interlocutory orders may be final judgments for appeal purposes. . . . An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, supra, [191 Conn.] 31, citing *State* v. *Bell*, 179 Conn. 98, 99, 425 A.2d 574 (1979). *State* v. *Southard*, [191 Conn. 506, 509–10, 467 A.2d 920 (1983)]. Unless the appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that [necessarily] results in a dismissal of the appeal. *Guerin* v. *Norton*, 167 Conn. 282, 283, 355 A.2d 255 (1974). *State* v. *Paolella*, 210 Conn. 110, 119, 554 A.2d 702 (1989)." (Citations omitted; internal quotation marks omitted.) *State* v. *Garcia*, 233 Conn. 44, 62–65, 658 A.2d 947 (1995), on appeal after remand, 235 Conn. 671, 669 A.2d 573 (1996). We conclude that the plaintiffs' appeal does not satisfy either prong of *Curcio*. We therefore dismiss the appeal.

The trial court's denial of the plaintiffs' petition did not terminate a proceeding that was separate and distinct from the plaintiffs' civil action. The petition for the release and disclosure of the records pertaining to the defendant's criminal prosecution was filed as part of the plaintiffs' civil wrongful death action and was an attempt by the plaintiffs to secure disclosure of information that would assist them in the preparation and prosecution of that action. A party to a pending case does not institute a separate and distinct proceeding merely by filing a petition for discovery or other relief that will be helpful in the preparation and prosecution of that

case. See *State* v. *Garcia,* supra, 233 Conn. 65 (trial court order granting motion to permit forced medication of criminal defendant does not terminate proceeding separate and distinct from criminal trial itself); *Ackerson* v. *Stramaglia,* 225 Conn. 102, 104–105, 621 A.2d 1315 (1993) (denial of motion to dissolve judgment lien does not terminate separate and distinct proceeding); *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 770–71, 613 A.2d 1320 (1992) (interlocutory order compelling arbitration as required by franchise agreement between parties does not terminate separate and distinct proceeding); *Melia* v. *Hartford Fire Ins. Co.,* 202 Conn. 252, 254, 520 A.2d 605 (1987) (trial court order that defendant produce its claim file for inspection by plaintiff does not terminate proceeding separate and distinct from pending suit). Here, the plaintiffs' discovery petition was filed solely in aid of their pending wrongful death action against the defendant and the trial court's decision denying that petition was rendered in the context of that action and did not terminate that action. The trial court's decision, therefore, does not meet the first prong of the *Curcio* test permitting the appeal of interlocutory trial court orders. *State* v. *Curcio,* supra, 191 Conn. 31.[9]

The defendant also correctly argues that the trial court's order is not appealable under *Curcio* because

---

[9] At oral argument, the plaintiffs' counsel argued that the trial court's decision satisfied the first prong of the *Curcio* test because it terminated the criminal case, which is separate and distinct from the civil case. This argument is without merit. The plaintiffs were not parties to the criminal case and the trial court's order to incorporate the docket number from the defendant's criminal case into the caption of the plaintiffs' amended petition did not make the plaintiffs parties to the criminal action. The plaintiffs therefore do not have standing to appeal from any decision rendered in the criminal trial of the defendant. Moreover, the criminal case was terminated by a final judgment when the defendant was sentenced by the court. *State* v. *Coleman,* 202 Conn. 86, 89, 519 A.2d 1201 (1987); *State* v. *Van Sant,* 198 Conn. 369, 374 n.5, 503 A.2d 557 (1986); *State* v. *Sanabria,* 192 Conn. 671, 682, 474 A.2d 760 (1984).

it does not "so conclude the rights of the parties that further proceedings cannot affect them." Id., 33. "The second test for finality . . . focuses not on the proceedings involved, but on the potential harm to the appellant's rights. [An interlocutory order] will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial." (Internal quotation marks omitted.) Id., 33–34. The second prong of *Curcio* requires, therefore, the plaintiffs to prove that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the plaintiffs irreparably harmed unless they may immediately appeal. *State* v. *Garcia*, supra, 233 Conn. 65–66; *State* v. *Coleman*, 202 Conn. 86, 90–92, 519 A.2d 1201 (1987); *State* v. *Longo*, supra, 192 Conn. 92–93. We conclude that the trial court's decision denying the plaintiffs' petition can adequately be reviewed after a trial on the merits without causing irretrievable loss or irreparable harm to the plaintiffs.

At oral argument, counsel for the plaintiffs conceded that the denial of the plaintiffs' petition did not foreclose their wrongful death action, but merely limited their ability to present relevant and probative evidence. The trial court's decision, therefore, does not prevent the plaintiffs from pursuing their action against the defendant. The plaintiffs' petition was, for all intents and purposes, merely a discovery motion, the denial of which did not cause the plaintiffs to suffer an irretrievable loss of a right or an irreparable harm, and which can be rectified on appeal after a final judgment on the merits of the wrongful death action if it is incorrect. *Melia* v. *Hartford Fire Ins. Co.*, supra, 202 Conn. 255–58; *State* v. *Coleman*, supra, 202 Conn. 92; *Barbato* v. *J. & M. Corp.*, 194 Conn. 245, 249–50, 478 A.2d 1020 (1984); *State* v. *Longo*, supra, 192 Conn. 89–90.

Our review of the record and of counsel's oral argument reveals that, although the records sought by the plaintiffs have been erased pursuant to § 54-142a, they have not been physically destroyed, nor has the defendant made a request for their physical destruction. See *Doe* v. *Manson*, 183 Conn. 183, 185, 438 A.2d 859 (1981) (for purposes of § 54-142a, "[e]rasure alone does not mean the physical destruction of the documents"). We have no reason to believe that the defendant will request physical destruction of the records sought by the plaintiffs or that such a request would be granted during the pendency of the plaintiffs' wrongful death action. See General Statutes § 54-142a (e). Moreover, at oral argument, counsel for the plaintiffs stated that the trial court had issued an order directing that any records relating to the criminal prosecution of the defendant not be destroyed. That order should remain in effect until the completion of a trial of the plaintiffs' wrongful death action and any subsequent appeal from a final judgment in that action. The plaintiffs' fear, therefore, that the sought after records might be physically destroyed is unsubstantiated and does not justify a deviation from our policy "of minimizing interference with and delay in the resolution of trial court proceedings." *Madigan* v. *Madigan*, 224 Conn. 749, 752–53, 620 A.2d 1276 (1993); see *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, supra, 230 Conn. 450.

The appeal is dismissed.

In this opinion the other justices concurred.