[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the application of the plaintiff, a dentist, to enjoin the defendants from revoking his license without a hearing.
The defendants have filed a motion to dismiss, essentially on the ground that the issue is not ripe because the Connecticut Dental Commission has not issued a draft finding indicating an intention to revoke the plaintiff's license.
The procedural history of the dispute must be set forth as the proceedings have been marked by a high degree of bureaucratic confusion and unclarity. On the basis of documents submitted without objection and on the basis of admissions made on the record, the court finds the relevant facts to be as follows.
On May 8, 1986, the Department of Health, by the Director of the Division of Medical Quality Assurance, moved that the State Dental Commission ("Commission") summarily suspend the license of the plaintiff, David Fass, to practice dentistry in Connecticut. The director affixed to his request a statement of charges which stated that the license of the plaintiff had been placed on probationary status on June 25, 1995 and that he had failed to comply with the condition of that probation.
The Commission issued a summary order suspending the plaintiff's license pending a hearing scheduled for June 21, 1996. The hearing officer opened the proceeding by stating that the subject of the hearing was a motion for suspension.
In a letter dated September 11, 1996, Bonnie Pinkerton, who identified herself as "Nurse Consultant Legal Office," notified the plaintiff that on September 9, 1996 the Commission had voted CT Page 9603 to revoke his license.
The parties stipulated that the Commission had later sent the plaintiff a letter stating that the Pinkerton letter was erroneous, that no revocation had been voted, and that the Commission was still deliberating and had not issued the proposed draft finding required by § 4-179 (c) of the Uniform Administrative Procedure Act.
The plaintiff has produced no evidence to indicate that after holding a suspension nearing the Commission voted instead to revoke his license, and the state of the record is therefore that the Commission has not ruled on the matter before it at the hearing on June 21, 1996.
The plaintiff brought his application to enjoin the proceedings on the basis that while he had been afforded a hearing on a motion to suspend his license, he had not received notice and an opportunity to be heard as to any proposal torevoke his license, and he seeks to enjoin the defendants from revoking his license without notice and a hearing on that sanction.
The defendants take the position that while it is too soon to tell what the Commission will do, the notice and hearing are sufficient to satisfy due process requirements either for suspension or revocation.
The plaintiff does not contend that the notice and hearing were defective if the sanction to be applied by the Commission is suspension of his license. If, therefore, the Commission's action is limited to suspension, there is no claim of a violation of any right or entitlement.
The plaintiff asserts that because the Commission may vote to revoke his license, this court should decide whether it can do so upon the notice used and hearing afforded and, if not, enjoin the Commission from imposing such a sanction.
The defendants have based their motion to dismiss on the ground that the plaintiff has failed to exhaust administrative remedies. They argue that to contest the constitutionality of the disciplinary action, the plaintiff must await its completion and file an administrative appeal. This court finds that the primary issue is, instead, whether the plaintiff has demonstrated actual, CT Page 9604 as opposed to feared harm to his right to receive notice and a hearing.
Since the defendants have completely abjured the letter sent by Ms. Pinkerton, the plaintiff has failed to adduce any evidence that the defendants intend to issue a sanction other than suspension; rather, the plaintiff has established only that he fears they will do so. Harm that is only a possibility, not an actual and immediate risk, does not support a conclusion that an applicant for injunctive relief will suffer irreparable harm.Karls v. Alexandra Realty Corp., 179 Conn. 390, 403 (1980).
A party who seeks injunctive relief must establish that the harm identified is "substantially probable." InternationalAssociation of Firefighters, Local 786 v. Serrani, 26 Conn. App. 610,614 (1992).
In the absence of a justiciable controversy, the courts have no jurisdiction. State v. Stengel, 192 Conn. 479, 484 (1984). A party who invokes the jurisdiction of the court must demonstrate that he is aggrieved, either by demonstrating that harm has occurred or that there is a reasonable probability that it will occur in the foreseeable future. Without actual or reasonably likely harm, there is no case or controversy and the court is put in the position of acting in response only to apprehension and fear of what might occur. See generally Nader v. Altermatt,166 Conn. 43, 59 (1974).
The defendants have not ruled in the administrative proceeding conducted in June. When they do so, the plaintiff may or may not be aggrieved by their procedural or substantive actions. Only at that time will there be a case and controversy ripe for adjudication, since the plaintiff has adduced no evidence that the defendants will violate his claimed rights.
For the foregoing reasons, the application for injunctive relief is denied.
Beverly J. Hogdson Judge of the Superior Court