PETER RUSTICI ET AL. *v.* DANNEL MALLOY ET AL.
(AC 18509)

Schaller, Spear and Pellegrino, Js.

Argued May 10—officially released September 19, 2000

*Kenneth B. Povodator*, assistant corporation counsel, with whom, on the brief, was *Andrew J. McDonald*, corporation counsel, for the appellants (named defendant et al.).

*Leon M. Rosenblatt*, with whom, on the brief, was *David S. Rintoul*, for the appellees (plaintiffs).

*Opinion*

SCHALLER, J. The defendants, Dannel Malloy, John Byrne, James Haselkamp and the city of Stamford, appeal from the trial court's order granting the plaintiffs'[1] motion for a temporary injunction that prohibited the city from continuing to maintain a fire engine team at one of the volunteer fire stations in the Long Ridge

---

[1] The plaintiffs are Peter Rustici, Donald Berg, Kevin Re, Robert Bennett, John Keenan, Ralph Nau, Gunther Schaller, James Chevalier, the Long Ridge Paid Drivers Association and Elizabeth Hasson. The plaintiff Gunther Schaller is not related to the author of this opinion.

section of the city.[2] On appeal, as a preliminary matter, the defendants claim that the temporary injunction is an appealable final judgment, pursuant to General Statutes § 31-118.[3] In the alternative, the defendants assert that their appeal should be allowed pursuant to *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).[4] The plaintiffs, however, maintain that the court's order is not a final judgment and, thus, is not appealable. We conclude that the issuance of the temporary injunction is not a final judgment and is, therefore, not appealable.

The record discloses the following facts. The plaintiffs brought this action against the city of Stamford; the city's mayor, Malloy; the city's director of public safety, Byrne; the city's director of labor relations, Haselkamp; and the Long Ridge Fire Company (fire company). The plaintiffs Peter Rustici, Kevin Re, Robert Bennett, Donald Berg, James Chevalier, John Keenan, Ralph Nau and Gunther Schaller are professional firefighters working as drivers for the fire company, and they constitute the membership of the Long Ridge Paid Drivers Association (drivers association). The fire company is a volunteer company. The plaintiffs Elizabeth Hasson, Nau, Bennett and Schaller are residents of the Long Ridge area and brought the action individually and on behalf of all taxpayers residing within the Long Ridge area. Keenan is a Stamford taxpayer. The plain-

[2] The Long Ridge Fire Company, also a defendant in this action, has not appealed from the court's order. We therefore refer in this opinion to Dannel Malloy, John Byrne, James Haselkamp and the city of Stamford as the defendants.

[3] General Statutes § 31-118 provides in relevant part: "When any court or a judge thereof issues or denies a temporary injunction in a case involving or growing out of a labor dispute and either party is aggrieved by the decision of the court or judge upon any question of law arising therein, he may appeal from the final judgment of the court or of such judge to the Appellate Court . . . ."

[4] Because we conclude that this court lacks jurisdiction to hear this appeal, we will not address the merits of the defendants' claims pertaining to the trial court's allegedly improvident grant of the temporary injunction.

tiffs sought temporary and permanent injunctive relief and a declaratory judgment regarding the defendants' actions with regard to the staffing and funding of the fire company. They alleged that the defendants breached the city charter regarding the autonomous nature of the fire company. They also alleged that the defendants conspired to force Rustici, Re, Bennett, Berg, Chevalier, Keenan, Nau and Schaller to give up their employment with the volunteer company and to become city employees, thus changing their collective bargaining rights, job seniority, security and rank, retirement, Social Security and health insurance.

The dispute stems from the defendants' refusal to fund two positions at the fire company and their decision instead to transfer sixteen firefighters from the Stamford fire and rescue department. The plaintiffs alleged that if the defendants had funded the two requested positions in Long Ridge, the cost to taxpayers would have been approximately $150,000 per year as opposed to the $1.2 million per year cost for the transferred group. The plaintiffs Hasson, Nau, Bennett and Schaller, individually and on behalf of other Long Ridge residents, argued that they had to pay more in taxes because of the defendants' action. They also contended that the action violates the city charter. The plaintiffs alleged that the defendants illegally sought to control the fire company, to interfere with their liberty, associational and property rights, and to destroy the collective bargaining relationship the fire company has with its professional firefighters and its union, the drivers association.

The plaintiffs also sought a temporary injunction ordering the defendants to cease and desist from interfering with the organization, status and property of the fire company. They sought a temporary order that the Stamford fire service district firefighters be removed from the fire company and that the defendants

restore the tax money raised from north Stamford residents for the benefit of the company.

After an evidentiary hearing, the court on May 29, 1998, granted in part the request for a temporary injunction. The court found that "the plaintiffs, as taxpayers of Stamford, may enjoin the defendants' unauthorized disbursement of public funds." The court enjoined the defendants "from interfering with the organization, status and property of the [fire company]" and "from continuing to station firefighters from the Stamford fire and rescue at station two." It also enjoined the defendants from withholding appropriated funds and from failing to appropriate sufficient funds to provide the necessary level of fire protection.

The plaintiffs also sought temporarily to enjoin the defendants from interfering with the collective bargaining relationship between the fire company and its paid firefighters. The court concluded that the city did not interfere with the collective bargaining relationship in the area of insurance and pension benefits. The court ruled that the city had not interfered with the plaintiffs' collective bargaining with the fire company because the city held consolidation discussions with union representatives and the fire company. The court declined to issue injunctive relief on this claim.

The plaintiffs argue that the order appealed from is not a final judgment and, thus, this appeal is not properly before this court. We agree.

"It is axiomatic that . . . the subject matter jurisdiction of the Appellate Court . . . is governed by statute. . . . It is equally axiomatic that, except insofar as the legislature has specifically provided for an interlocutory appeal or other form of interlocutory appellate review; see, e.g., General Statutes § 52-278l (prejudgment remedies); General Statutes § 54-63g (petition for review of bail); General Statutes § 51-164x (court closure orders);

*State* v. *Ayala*, 222 Conn. 331, 340, 610 A.2d 1162 (1992); [our] appellate jurisdiction is limited to final judgments of the trial court. General Statutes § 52-263 . . . ." (Citations omitted; internal quotation marks omitted.) *Ruggiero* v. *Fuessenich*, 237 Conn. 339, 344–45, 676 A.2d 1367 (1996).

"[I]n the absence of a statutory exception, the denial of an application for a temporary injunction generally is not an appealable final judgment. . . . General Statutes § 31-118, however, authorizes any party aggrieved by a decision of the court on an application for a temporary injunction in a labor dispute to appeal from the final judgment thereon." (Citation omitted.) *International Assn. of Firefighters, Local 786* v. *Serrani*, 26 Conn. App. 610, 611, 602 A.2d 1067 (1992). "[S]uch an appeal lies if, but only if, the injunction was granted in a case 'involving or growing out of a labor dispute.' *H.O. Canfield Co.* v. *United Construction Workers*, 134 Conn. 358, 360, 57 A.2d 624 [1948]." *Devine Bros., Inc.* v. *International Brotherhood*, 145 Conn. 77, 80, 139 A.2d 60 (1958).

The defendants argue that this matter arises from a labor dispute and thus constitutes a final judgment. Notwithstanding the broad definition of "labor dispute" under General Statutes § 31-112 (c),[5] the temporary injunction at issue in this case does not arise from a labor dispute and, therefore, is not a final judgment pursuant to § 31-118. The court expressly found that this was not an "injunction on the labor disagreement" and found instead that the facts presented a "charter

---

[5] General Statutes § 31-112 (c) provides: "The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment or concerning employment relations, or any controversy arising out of the respective interest of employer and employee, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

problem."[6] Furthermore, "General Statutes § 31-115[7] sets forth five facts that the trial court must find to exist before it may grant injunctive relief in a labor dispute. Each is a . . . prerequisite to injunctive relief. If any of the factual predicates are not established, the court cannot grant injunctive relief." *International Assn. of Firefighters, Local 786* v. *Serrani,* supra, 26 Conn. App. 613. The court did not make any findings whatsoever with respect to those five facts and, instead, limited the injunction to claims that arose out of charter issues raised by the plaintiffs in their capacity as taxpayers of the city.

Our Supreme Court has stated that the trial court must, as a prerequisite to appellate review, find that a labor dispute existed. See *Devine Bros., Inc.* v. *International Brotherhood,* supra, 145 Conn. 82. "[T]he finding should set forth the facts supporting whatever conclusion is reached on whether, in the light of the statutory definition, a labor dispute is involved." Id. "As a consequence [of a failure to make such a finding], [the] appeal cannot be maintained . . . ." Id. Although *Devine* is based in part on an outdated system of appellate review; see *McClain* v. *Robinson,* 189 Conn. 663, 668, 457 A.2d

---

[6] During a hearing on several motions before the court subsequent to its ruling granting, in part, the plaintiffs' motion for injunctive relief, the court stated specifically, "I did not allow the injunction on the labor disagreement. . . . I treated this as a charter problem . . . ."

[7] General Statutes § 31-115 provides in relevant part: "No court shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute . . . except after a finding of facts by the court, to the effect: (a) That unlawful acts have been threatened and will be committed by a person or persons unless such person or persons are restrained therefrom . . . (b) that substantial and irreparable injury to the complainant or his property will follow; (c) that as to each item of relief granted greater injury would be inflicted upon the complainant by the denial of relief than would be inflicted upon the defendants by the granting of relief; (d) that the complainant has no adequate remedy at law; and (e) that the public officers charged with the duty to protect the complainant's property are unable or unwilling to furnish adequate protection. . . ."

1072 (1983); its analysis and conclusion are, at the very least, persuasive. The defendants therefore must find an alternative basis on which this court can sustain jurisdiction if the appeal is to be reviewed at all.

Our Supreme Court has "recognized . . . in both criminal and civil cases, that certain otherwise interlocutory orders may be final judgments for appeal purposes. . . . An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, supra, [191 Conn.] 31 . . . . Unless the appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that [necessarily] results in a dismissal of the appeal." (Citations omitted; internal quotation marks omitted.) *Ruggiero* v. *Fuessenich*, supra, 237 Conn. 344–45.

The defendants argue that the issuance of a temporary injunction without any justification for the lack of bond satisfies the second part of the *Curcio* test for finality. The defendants further argue that a temporary injunction ordering the city to vacate the fire station equates to an eviction and, thus, should be considered a final judgment. We disagree.

"The second test for finality . . . focuses not on the proceedings involved, but on the potential harm to the appellant's rights. [An interlocutory order] will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial. . . . The second prong of *Curcio* requires, therefore, the [appellants] to prove that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [appellants] irreparably harmed unless they may

immediately appeal." (Citation omitted; internal quotation marks omitted.) Id., 347.

"For an interlocutory order to be an appealable final judgment it must threaten the preservation of a right that the [party] already holds. The right itself must exist independently of the order from which the appeal is taken. Where a decision has the effect of not granting a particular right, that decision, even if erroneous, does not threaten the [party's] already existing rights." (Internal quotation marks omitted.) *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, 230 Conn. 441, 448–49, 645 A.2d 978 (1994).

The defendants' two bases for establishing the existence of a final judgment under *Curcio* include the court's failure to require a bond prior to the issuance of the temporary injunction and the order requiring the city to vacate the volunteer fire station. General Statutes § 52-472 provides in relevant part that "a bond need not be required when, for good cause shown, the court or a judge is of the opinion that a temporary injunction ought to issue without bond." "The purpose of the bond is to indemnify the defendants from any damages which they might sustain if the plaintiff failed to prosecute the action to effect. General Statutes 52-472." *Spiniello Construction Co.* v. *Manchester*, 189 Conn. 539, 546, 456 A.2d 1199 (1983). The bond, therefore, is provisional on the court's determination that such bond is required to indemnify the defendants; it does not "exist independently of the order from which the appeal is taken." *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, supra, 230 Conn. 448. The failure to require a bond, therefore, does not satisfy the second part of the *Curcio* test because the defendants still may recover damages they potentially may suffer as a result of the plaintiffs' actions in the pending case. See *Stamford* v. *Kovac*, 228 Conn. 95, 102, 634 A.2d 897 (1993).

The defendants' claim that the court order requiring the city to vacate the volunteer fire station constitutes a final judgment also is without merit. "The principal purpose of a temporary injunction is to preserve the status quo until the rights of the parties can be finally determined after a hearing on the merits." (Internal quotation marks omitted.) *Clinton* v. *Middlesex Mutual Assurance Co.*, 37 Conn. App. 269, 270, 655 A.2d 814 (1995). The defendants' right to occupy the firehouse, if such a right exists, will not be irretrievably lost, nor will the defendants be irreparably harmed unless they may immediately appeal. See *Ruggiero* v. *Fuessenich*, supra, 237 Conn. 347. The defendants have failed to satisfy the second part of the *Curcio* test and, thus, there is no final judgment. As a result, we lack jurisdiction over this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

