# ARTHUR J. ROCQUE, JR., COMMISSIONER OF ENVIRONMENTAL PROTECTION *v.* SOUND MANUFACTURING, INC., ET AL.
## (AC 22551)

Lavery, C. J., and Mihalakos and Hennessy, Js.

Argued October 24, 2002—officially released April 8, 2003

*James A. Wade,* with whom were *Richard M. Fil* and, on the brief, *Craig A. Raabe,* for the appellants (named defendant et al.).

*Marjorie Allen Dauster,* assistant state's attorney, with whom were *Tamberlyn E. C. Conopask,* deputy assistant state's attorney, and, on the brief, *John M. Bailey,* former chief state's attorney, and *Joy K. Fausey,*

former deputy assistant state's attorney, for the appellee (intervenor division of criminal of justice).

*Mark P. Kindall*, assistant attorney general, for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendants Sound Manufacturing, Inc., and Brian E. Cote[1] appeal from the order of the trial court granting the motions of the intervenor, the state division of criminal justice, to stay discovery and to quash subpoenas in a civil action brought against the defendants by the plaintiff, the commissioner of environmental protection. The plaintiff brought the underlying action for temporary and permanent injunctive relief to require Sound Manufacturing, Inc., Cote, Daniel Malchman and Charles Lavalle to comply with all provisions of Connecticut's hazardous waste management program, and for the defendants to abate the alleged violations. The plaintiff also sought civil penalties and costs as allowed by statute.

On January 16, 2001, the division of criminal justice filed a motion to intervene and to be joined as a party in the underlying action for the limited purpose of filing a motion to stay discovery in this matter pending resolution of criminal actions against Cote, Malchman and Lavalle,[2] and to quash subpoenas duces tecum directed to inspector Matthew Schroeder of the division of criminal justice and inspector David Stokes of the department of environmental protection seeking access to the files prepared by both investigators. The division of criminal justice sought to intervene pursuant to General Statutes § 52-108 and Practice Book § 9-19 to protect

---

[1] The other defendants in the underlying action, Daniel Malchman and Charles Lavalle, did not appeal. We therefore refer in this opinion to Sound Manufacturing, Inc., and Cote as the defendants.

[2] The criminal charges were brought under General Statutes § 22a-131a in September, 1998. Sound Manufacturing, Inc., was not charged criminally.

the integrity of the criminal prosecution and the information gathered during the criminal investigation. The defendants objected to the motion to intervene, the motion to stay discovery and the motions to quash the subpoenas duces tecum, arguing that the division of criminal justice is not authorized to intervene in this civil proceeding. The plaintiff supported the motions filed by the division of criminal justice.

On November 28, 2001, the court held that the division of criminal justice could intervene in the underlying civil proceedings in the interest of justice to preserve the integrity of the criminal prosecution process. The court noted that the division of criminal justice sought to intervene for the limited purpose of staying discovery only while the criminal matters are pending. The court granted the division of criminal justice's motion to intervene, to stay discovery and to quash the deposition subpoenas pending the disposition of the criminal prosecutions. The defendants appealed from that decision.

As a threshold matter, this court must determine if there is an appealable final judgment in this case. "The lack of a final judgment is a jurisdictional defect that mandates dismissal." (Internal quotation marks omitted.) *Kobyluck* v. *Zoning Board of Appeals*, 70 Conn. App. 55, 58, 796 A.2d 567 (2002). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to [its] previous rulings." (Internal quotation marks omitted.) *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 103, 674 A.2d 1335 (1996).[3]

---

[3] The plaintiff previously filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the appeal was taken from interlocutory orders that are not immediately appealable. The defendants opposed the motion to dismiss. This court denied the motion to dismiss on February 5, 2002. We are not bound by our prior denial of the motion to dismiss. The intervenor has raised the jurisdictional claim in its appellee's brief. After a review of the case after full briefing and hearing, we have concluded that it is necessary to reconsider our jurisdiction. See *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982),

In *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), our Supreme Court set forth the test for determining when an otherwise interlocutory order or ruling of the Superior Court constitutes an appealable final judgment. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

The first prong of the *Curcio* test "requires the order being appealed to be severable from the central cause to which it is related so that the main action can proceed independent of the ancillary proceeding." (Internal quotation marks omitted.) *Douglas-Mellers* v. *Windsor Ins. Co.*, 68 Conn. App. 707, 714, 792 A.2d 899 (2002). In the present case, the motions to intervene, to stay discovery and to quash subpoenas were made within the context of the pending civil action. The underlying action has not terminated and the decisions are not severable; therefore, the first prong of the *Curcio* test has not been met.

The defendants argue that this appeal satisfies the second prong of the *Curcio* test. "The second test for finality . . . focuses not on the proceedings involved, but on the potential harm to the appellant's rights. [An interlocutory order] will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial. . . . The second prong of *Curcio* requires, therefore, the [appellants] to prove that the trial court's order threatens the preservation of a right already secured to them and that that right

overruled on other grounds, *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 834, 628 A.2d 1311 (1993); *Groesbeck* v. *Sotire*, 1 Conn. App. 66, 67–68, 467 A.2d 1245 (1983).

will be irretrievably lost and the [appellants] irreparably harmed unless they may immediately appeal." (Internal quotation marks omitted.) *Rustici* v. *Malloy*, 60 Conn. App. 47, 54–55, 758 A.2d 424, cert. denied, 254 Conn. 952, 762 A.2d 903 (2000).

The defendants do not argue that they will suffer irreparable harm, but instead focus on the authority of the division of criminal justice to intervene. They contend that the authority of the division of criminal justice is limited almost exclusively to criminal matters under General Statutes § 51-277,[4] and therefore, the divi-

[4] General Statutes § 51-277 concerns the powers and duties of the division and provides: "(a) The division shall exercise all powers and duties with respect to the investigation and prosecution of criminal matters conferred upon or required of it by this chapter, or conferred upon or required of state's attorneys, assistant state's attorneys and deputy assistant state's attorneys of the Superior Court by the common and statutory law of this state.

"(b) The division shall take all steps necessary and proper to prosecute all crimes and offenses against the laws of the state and ordinances, regulations and bylaws of any town, city, borough, district or other municipal corporation or authority.

"(c) The division, through the Chief State's Attorney, shall participate on behalf of the state in all appellate, post-trial and postconviction proceedings arising out of the initiation of any criminal action whether or not the proceedings are denominated civil or criminal for other purposes.

"(d) The Chief State's Attorney and each deputy chief state's attorney may sign any warrants, information, applications for grand jury investigations and applications for extradition; and (1) upon application made by a state's attorney, and for good cause shown, after showing no other state's attorney is available, the Chief State's Attorney may be appointed by the Criminal Justice Commission to represent the state in criminal trials in lieu of any state's attorney, assistant state's attorney or deputy assistant state's attorney in any judicial district, and (2) whenever the interest of the state will be furthered by so doing, the Chief State's Attorney may represent the state in lieu of a state's attorney for a judicial district in any investigation, criminal action or proceeding if the Chief State's Attorney finds by clear and convincing evidence, misconduct, conflict of interest or malfeasance of a state's attorney, provided, upon request of such state's attorney, the Criminal Justice Commission, pursuant to regulations adopted in accordance with chapter 54, and after notice and hearing and good cause shown, may designate such state's attorney to represent the state in such investigation, criminal action or proceeding. In any case where the Chief State's Attorney indicates his

sion of criminal justice cannot participate in the underlying civil action. The defendants fail to state what right they presently possess that has been so concluded that it cannot be affected by further proceedings. The defendants have no presently existing right to be free of an intervenor in the underlying matter. The court has the statutory authority pursuant to § 52-108 to permit intervention in a pending civil action, if the interests of justice so require. The second prong of the *Curcio* test has not been satisfied.

The defendants, citing *Cassella* v. *Kleffke*, 38 Conn. App. 340, 344, 660 A.2d 378, cert. denied, 235 Conn. 905, 665 A.2d 899 (1995), also argue that a decision may be immediately appealable when it challenges the power of the court to act. They claim that this appeal raises a question that falls within the exception to the final judgment rule that permits appeals when the appellant raises a colorable claim that the court lacked jurisdiction. See *Solomon* v. *Keiser*, 212 Conn. 741, 747, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 418, 426 A.2d 1324 (1980). Those cases concern the authority of a trial court to act. In *Kim* v. *Magnotta*, 249 Conn. 94, 102–104, 733 A.2d 809 (1999), our Supreme Court explored the recurrent difficulty of distinguishing between two kinds of challenges to a tribunal's exercise of its statutory authority. On the one hand, a challenge may allege that a tribunal's action exceeds its statutory authority. Id., 103. Such a challenge raises a jurisdictional claim. On the other hand, a challenge may allege that a tribunal's action

intent to represent the state in lieu of a state's attorney under this subsection, and such state's attorney objects to such representation, upon the request of such state's attorney the Chief State's Attorney and the state's attorney shall each prepare a written statement of their claims relative to such representation. Both statements shall be submitted to the commission to be considered by it at such hearing and shall become a permanent record which may be reviewed by the commission and used at the time of reappointment of the Chief State's Attorney or such state's attorney."

misconstrues its statutory authority. Such a challenge raises a claim of statutory construction that is not jurisdictional. See *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

In the present case, the court has the authority under the provisions of General Statutes § 52-108 and Practice Book § 9-19 to permit intervention in a pending civil action.[5] The defendants are challenging the court's exercise of its authority. The court clearly has the authority to permit intervention in a civil action in the interests of justice and, therefore, the court had jurisdiction to consider the motion to intervene filed by the division of criminal justice. The issue raised in this case is whether the court properly exercised its power to permit the intervention; that claim does not implicate the subject matter jurisdiction of the court, but rather involves whether the court properly exercised its authority. Consequently, the court's orders in this case are not immediately appealable.

The orders in the present case regarding the granting of the intervenor's motions for a stay of discovery and to quash subpoenas duces tecum pending the disposition of the criminal proceedings are temporary orders limiting discovery. In *Ruggiero* v. *Fuessenich*, 237 Conn. 339, 347, 676 A.2d 1367 (1996), our Supreme Court stated that a petition for disclosure and release of certain records was, "for all intents and purposes, merely a discovery motion, the denial of which did not cause the plaintiffs to suffer an irretrievable loss of a right or an irreparable harm, and which can be rectified on appeal after a final judgment on the merits of [a civil action] if [the decision] is incorrect." Id. In the present case, the defendants have not shown that any presently

---

[5] General Statutes § 52-108 provides in relevant part: "New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require." See also Practice Book § 9-19.

existing right that they possess has been so concluded that further proceedings in the still pending civil action cannot affect them. They have failed to show that they would suffer any irreparable harm if an immediate appeal is not permitted from the interlocutory orders at issue.[6] Under the circumstances of this case, we conclude that the defendants have appealed from interlocutory orders that are not immediately appealable final judgments, and we therefore dismiss the appeal for lack of jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[6] At oral argument, the defendants' counsel noted that the corporate defendant was not being prosecuted in the criminal proceedings. That is a distinction without a difference. The corporation is a defendant in the underlying civil action and, if it is aggrieved, it may appeal from the discovery orders and order of intervention in this case once there is an appealable final judgment. It is also noted that the subpoenas are only quashed temporarily and that discovery will be permitted once the criminal charges have been resolved.